# THE GOWEN MARBLE COMPANY

*v.*

# ROBERT TARRANT.

EMPLOYER AND EMPLOYEE—*when the relation exists.* Where a company suffers appearances to exist, and its officers and agents to so act, as to give one employed by them to do work reason to believe that he is employed by the company, he has the right to regard the company as his employer, and to hold it bound as such.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. S. M. DAVIS, for the appellant.

Messrs. RUNYAN, AVERY & COMSTOCK, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a suit brought by the appellee, the plaintiff below, against the Gowen Marble Company, to recover for the repairing of certain machinery. The plaintiff recovered a verdict for $1697.44, upon which judgment was rendered, to reverse which the defendant appeals.

The question raised is solely one of fact, whether the verdict is sustained by the evidence.

It appears, from the testimony, that E. L. Gowen, president of the Gowen Marble Company, was, before the fire of October, 1871, engaged in the marble business in Chicago, and having been burned out by that fire, there was organized and incorporated, in May, 1872, under the general laws of this State, The Gowen Marble Company, of which Gowen at once became the president, he ceasing to do business himself, and the same business being carried on by the company on the same premises formerly occupied by him. The point of controversy is, whether the liability for the work done is that of Gowen or of the company. The machinery repaired seems to have belonged to Gowen originally, and to have passed through and been damaged by the fire. The work of repairing it was commenced about August 12, 1872, and completed about March, 1873. It was done at the instance of both Black, the company's superintendent, and Gowen.

The plaintiff testified, that Black informed him at the time he engaged the work to be done, that it was for the company. The machinery was at the premises occupied by the company, though not any part of its running machinery, and was taken from there to be repaired, and after repair was put into the company's building.

On the part of the company it was testified, that the machinery was the sole property of Gowen at the time it was engaged and sent to be repaired, and continued to be his individual property until in December, 1872, when he sold it to the company—also that Black was in Gowen's employ. But, in addition to general testimony that Black was superintendent

for the company, it was testified, that shortly previous to being employed to do this work plaintiff had done some other work for the company, and on going to the office of the company for his pay he was referred to Black, as being necessary for him to sign the bill of plaintiff, and on presenting it to Black the latter signed it, and thereupon plaintiff received his pay from the company.

If Black was in Gowen's employ, he was also, apparently, in the company's employ, and authorized to act for it. Even if this were the individual property of Gowen at the time plaintiff was employed to do the work upon it, and the work was ordered by Gowen himself and Black, who was in his employ, that does not conclusively establish, as appellant's argument would seem to suppose, the non-liability of the company.

From appearances which the company suffered to exist, and from the conduct of its principal officers and managers, appellee had every reason to suppose that the machinery belonged to the company, and that it was the company which employed him to repair it. Under the circumstances, we think he had the right to regard the company as his employer, and to hold it bound as such. We think the language quoted by appellant's counsel, from *The Chicago and Great Western Railway Co.* v. *Fox et al.* 41 Ill. 109, (a case having some similar features) that " it was the fault of the plaintiffs, when they let Vosburgh have the machine, that they did not satisfy themselves fully on the point of who was to be responsible," is to be reversed in this case, and that it was the fault of the defendant's agents, when they bespoke the work to be done, that they did not disclose to the plaintiff that the machinery belonged to Gowen, or that it was he who was getting the work done.

We do not see ground for disturbing the verdict, as not being sustained by the evidence, and the judgment will be affirmed.

*Judgment affirmed.*