## Henry V. Sloan, Appellee, v. Cleveland, Cincinnati, Chicago and St. Louis Railway Company, Appellant.

1. WAGE CLAIM—*when notice given under act entitled "an act to protect contractors, sub-contractors and laborers in their claims against railroad companies or corporations, contractors or sub-contractors," insufficient.* A notice given under the above act is insufficient and will not avail where served after the institution of the suit in which it is offered.

2. WAGE CLAIM—*who not liable for.* The doctrine that a party who stands by and sees work done of which he is ultimately to have the benefit, without making objection to the person doing the same, is liable to such person for the work done, has no application where the entire work is contracted to and placed under the control of another who has power to employ whom he pleases.

3. INSTRUCTIONS—*what does not cure error.* A misstatement of the law contained in one instruction is not cured by a correct statement of the law in another instruction.

Action commenced before justice of the peace. Appeal from the County Court of Wabash county; the Hon. J. A. LAPP, Judge, presiding. Heard in this court at the February term, 1907. Reversed. Opinion filed March 18, 1908.

C. S. CONGER and P. J. KOLB, for appellant.

No appearance by appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On February 28, 1906, appellee brought suit before a justice of the peace of Wabash county against appellant, and the Widell-Finley Company for wages claimed to be due him, amounting to $11.80. On March 10th, judgment by default was taken against appellant for the amount of the claim and the cause continued as to the Widell-Finley Co.

Appellant appealed the case to the County Court where a trial before a jury resulted in a verdict and judgment against appellant for the same amount. Upon the trial in the County Court appellant introduced no evidence but it appeared from the testimony of appellee and a witness introduced by him, that the Widell-Finley Co. was engaged in constructing a certain concrete arch to take the place of old trestle work on the right of way of appellant; that appellee was employed by the Widell-Finley Co. through its foreman, Mr. Barnum, to assist in the construction of the concrete work; that appellee was told he was working for the Widell-Finley Co. and "never understood" that he was employed by appellant; that the Widell-Finley Co. paid him his wages for all the time he was employed except six days, for which time it had failed to pay him and that the suit is for such unpaid wages.

Upon the trial plaintiff offered in evidence a notice dated March 6, 1906, notifying appellant that he had been employed by the Widell-Finley Co. as a laborer for appellant and that he should hold all the property of appellant to secure his pay. This notice had been filed for record in the office of the recorder of Wabash county and was intended as a notice of lien to appellant, under sections 2, 3, 4 and 5 of "an act to protect contractors, sub-contractors and laborers in their claims against railroad companies or corporations, contractors or sub-contractors" in force July 1,

1872. Rev. Stat. chap. 82, secs. 8, 9, 10 and 11, Hurd 1905.

The court below properly refused to admit this notice in evidence for the reason that the same was not attempted to be given until some days after the suit had been brought. Appellee however appears to have claimed the right to recover on the ground that while he was employed by the Widell-Finley Co., yet as that company was engaged in constructing the concrete arch for appellant, the latter ultimately received the benefit of his labor. Upon this theory appellee offered and the court gave the following instruction: "The court instructs the jury that if you believe from the preponderance of the testimony that the said Henry V. Sloan performed labor for the Widell-Finley Co., for the use of the C., C., C. & St. L. Ry. Co. and that they received the benefits of his labor, you should find for the plaintiff and your verdict should be rendered accordingly in such amount as the testimony shows is justly due him."

What the contractual relations were between the Widell-Finley Co. and appellant is not shown by the meager evidence in this case. It does appear however that the Widell-Finley Co. was engaged in constructing said concrete arch and that it employed the men at work upon the same and undertook to pay them for their services and was apparently an independent contractor. The doctrine that a party who stands by and sees work done of which he is ultimately to have the benefit, without making objection to the person doing the same, is liable to such person for the work done, has no application where the entire work is contracted to and placed under the control of another who has power to employ whom he pleases. Campbell v. Day, 90 Ill. 363.

The above instruction which was the only one given for appellee did not state the law applicable to this case correctly and was improperly given. It is true the court gave an instruction on behalf of appellant,

which correctly stated the law applicable to the case, but this did not cure the error in appellee's instruction as, under such circumstances, the jury should not be expected to know which instruction stated the true rule to be followed.

The judgment of the court below will be reversed, and as under the undisputed facts in the case, no recovery could be had, the cause will not be remanded.

*Reversed.*

Finding of ultimate facts, to be incorporated in the judgment.

We find that the services for which appellee seeks to recover in this case were performed for the Widell-Finley Co., which was an independent contractor for the work upon which appellee was employed, and that there was no contract of employment, either express or implied, between appellant and appellee.