### Joe Montelione, Appellee, v. Republic Iron & Steel Company, Appellant.

EMPLOYER AND EMPLOYE—*when relation established.* The relation of employer and employe is established as between one who in good faith enters into a contract with another whom he supposes is acting as the agent of a corporation, which corporation has so conducted its business as to justify such supposition.

Action commenced before justice of the peace. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

C. E. POPE, for appellant; RICHARD JONES, JR., of counsel.

BARTHEL & KLINGEL, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit by appellee against appellant, commenced before a justice of the peace in St. Clair county to recover wages for eleven days and four hours' labor performed by appellee. From the justice's judgment an appeal was prosecuted to the Circuit Court where the case was tried *de novo,* by a jury, resulting

in a verdict and judgment in favor of appellee for
$19.45.

Appellant was engaged in the operation of a large
rolling mill plant, and in the prosecution of its busi-
ness employed a large number of men in various ca-
pacities, in the various departments of its plant.
Among the men employed was one J. H. Kuntz, who
had charge of loading cinders and other impurities taken
from the various furnaces and of certain scrap iron,
and there were seven or eight men engaged in that
work under his direction. That work was performed
within the enclosure of the plant, and Kuntz was so
employed from the first of February to the middle of
April. During this time Kuntz put appellee to work
at assisting to load the cinders and scrap, and after
he had worked eleven days and four hours he was dis-
charged, without being paid any part of his wages.

Appellee had never worked at appellant's plant be-
fore and knew nothing of its methods of conducting
its business. His account of his employment and serv-
ice is wholly undisputed. He says he was looking
around East St. Louis, and Kuntz asked him if he
was "looking for a job" and he said "yes," and Kuntz
said "you go to work for the Steel Company," he said
"how about the wages?" Kuntz said "$1.75 a day and
pay every two weeks." In pursuance of this he went
to appellant's mill next morning and Kuntz "was
boss over him and told him what to do," and he
worked there under Kuntz's direction until he was dis-
charged.

Appellant contends that it is not liable for the wages
of appellee, because it had a contract with Kuntz
whereby he was to load the cinders and scrap for a
specified price per ton and furnish and pay his own
men, and with respect to this feature of the case, appel-
lant's manager testified in substance as follows: "He
had a contract with the Republic Iron & Steel Com-
pany for loading cinders; it was a verbal contract. It
was made with me and under this contract he loaded

cinders from the first of February until some time in April the same year. Under the contract we were to pay him so much a ton and he was to hire his own men and we had nothing whatever to do with them; I don't know what he paid his men  *  *  *  Kuntz was to load cinders and a few cars of scrap that was in his way. There was some scrap unloaded on the cinders and in order to get at the cinders he loaded this scrap on flat cars and unloaded it. He had no other contract outside of that.'' This testimony is undisputed, and it is quite clear that as between appellant and Kuntz, appellant was not bound to pay the men who worked under him.

The question is, can appellant under all the facts of this case, avail of its contract with Kuntz, to defeat the demand of appellee? We think the law applicable to this state of case may be expressed as follows: Where a company conducts its business in such manner as to suffer such appearances to exist and allows its manager and agents to so act as to give one employed to do work in connection with the carrying on of its business, reason to believe that he is employed by the company and where such one in good faith does so believe, then he has a right to regard the company as his employer and to hold it bound as such. Gowen Marble Company v. Robert Tarrant, 73 Ill. 608. And to the same effect is Pardridge v. La Pries, 84 Ill. 51. The last cited case is in a number of respects like the case at bar. In that case the court says: ''The evidence strongly preponderates to establish the fact that appellee understood he was employed by appellants through De Merz, and the circumstances are, we think, such, that if that was not the understanding of appellants, they should, on his entering their employment, have given him notice.''

We think the evidence clearly proves that appellee in the case at bar did in good faith believe that he was employed by appellant, and the manner in which appellant conducted its business gave him good reason

to so believe. He knew nothing of the secret agreement between appellant and Kuntz, and Kuntz's position, conduct and the character of work he was engaged at, were all such as to indicate that he was an ordinary boss or foreman over the men at work in that part of appellant's plant.

Counsel for appellant state that no ruling of the court with respect to instructions is complained of, and therefore the instructions are not set out in the abstract; and that "counsel will not extend this argument by pointing out in detail" errors made by the court in the admission and rejection of evidence. Counsel's only contention is, that the evidence does not support the verdict, and the only authority cited in support of his contention is the case of St. L. & K. C. R. R. Co. v. Olive, 40 Ill. App. 82. Olive, the appellee in that case, was a physician and surgeon and was called by a conductor of one of appellant's trains to treat another employe, who by reason of some accident on the train had been injured. At the time the conductor requested the doctor to perform the services, he told the doctor that the company would pay for his services. The court in that case simply holds, in effect, that the doctor did not perform any service for the company, nor any services which the company was under any duty to perform or to pay any one for performing, and that it was not within the scope or apparent scope of the conductor's authority to make such a contract on behalf of the company. In the case at bar the work done directly pertained to the carrying forward of appellant's ordinary business, was done within the enclosure of its plant, under the eyes of its principals or vice principals, and as above stated, to all appearances the man in charge was an ordinary boss or foreman. The case at bar differs in all material respects from the case cited by counsel, and from the case of Sloan v. C., C., C. & St. L. Ry. Co., 140 Ill. App. 31. In that case the Widell-Finley Co. was an independent construction contractor, upon a cer-

tain job of concrete work. Sloan was employed by the Widell-Finley Co., was told he was working for the Widell-Finley Co., never understood that he was employed by the railroad company, and the Widell-Finley Co. paid him his wages for all the time he was employed, except six days—the last six.

We find no error in the record. The judgment of the Circuit Court is affirmed.

*Affirmed.*