## T. W. Howard, Appellee, v. Wabash Truss Hoop Company, Appellant.

CONTRACTS—*when employment established by estoppel.* Where a company conducts its business in such manner as to suffer appearances to exist and allow its manager and agents to so act as to give one employed to do work in connection with the carrying on of its business, reason to believe that he is employed by the company, and where such one in good faith does so believe, then he has a right to regard the company as his employer and to hold it bound as such.

Action commenced before justice of the peace. Appeal from the Circuit Court of Jasper county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

E. B. GREEN, THEO. G. RISLEY and GEORGE P. RAMSEY, for appellant.

ALBERT E. ISLEY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced before a justice of the peace of Jasper county, by appellee against appellant, to recover for labor performed by appellee and his minor son, for appellant. From the judgment rendered by the justice the case was appealed to the Circuit Court where it was tried *de novo,* by jury, resulting in a verdict and judgment in favor of appellee for $51.35.

Counsel for appellant say: ''The theory of appellee in support of his claim against appellant is, that he and his son were employed to work for appellant through one Martin Gilbert, acting as agent of appellant, and that the work was done for appellant, and the theory of appellant is, that Martin Gilbert was an independent contractor, under appellant, to get out truss hoops at so much a piece, to be paid for by appellant on delivery; and that appellee and his son were employed by, and worked for, Martin Gilbert in getting out truss hoops under his contract, and were not employed by, and did not work for, appellant, and that appellant is not indebted to appellee for such labor.''

The evidence in this case is, to our minds, conclusive against appellant, and brings the case clearly within the rule laid down by this court in the case of Montelione v. Republic Iron and Steel Company, 143 Ill. App. 413. In that case we said: ''Where a company conducts its business in such manner as to suffer appearances to exist and allow its manager and agents to so act as to give one employed to do work in connection with the carrying on of its business, reason to believe that he is employed by the company and where such one in good faith does so believe, then he has a right to regard the company as his employer and to hold it bound as such.''

Appellant was a corporation with its principal place of business at Mt. Carmel, Illinois, and Martin Gilbert had been employed by it in connection with·its business at that place. In May, 1907, Gilbert came from Mt. Carmel, to the vicinity of West Liberty in Jasper county, representing himself as acting for appellant, bought. timber on appellant's credit, employed men for the purpose of getting out truss hoops, and appellant sent its machinery and appliances there for doing· the work. When the machinery was on the ground the president of appellant company, with two of his sons, one of whom was secretary of the company, came and set up the machinery, managed and operated the same. They performed all the expert and skilled labor in connection with the prosecution of the work, and exercised a general control over the work and the men. The president increased the wages of certain of the employes, discharged some, employed others, bought material, paid part of the laborers, and stated that "he was back of the debts." Appellant company got all of the truss hoops that were made.

Whatever arrangements appellant may in fact have had with Gilbert, as between it and him, were wholly unknown to appellee. He was justified, under the circumstances, in believing that appellant was conducting the business on its own account.

The judgment of the Circuit Court is affirmed.

*Affirmed.*