## Wilmer C. Bennett, Appellee, v. Nathan Ascher et al., Appellants.

### Gen. No. 27,962.

1. MECHANICS' LIENS—*unauthorized employment of engineer by architect as basis for lien for engineer's services.* An architect verbally employed by one of the members of a partnership which was having a building constructed is not shown to have had authority to employ plaintiff as structural engineer for certain work on such building so as to charge the premises in question with a mechanic's lien where the evidence shows that defendants had nothing to do with plaintiff's employment, who was employed by the architect, and does not show any authority in the architect, that plaintiff rendered services, which fact the evidence tends to show was known to defendants, and that subsequently plaintiff was notified to stop work by an employee of the architect who was subsequently discharged by defendants and where a general contract was let for the completion of the entire work on other plans and specification than those prepared by plaintiff.

2. MECHANICS' LIENS—*unauthorized employment of structural engineer by architect as basis of lien under statute.* A structural engineer employed by the architect without authority to prepare plans and specifications for defendants' building is not entitled to a mechanic's lien for his services under the provisions of the Mechanics' Lien Act, sec. 1, as amended and in force July 1, 1919, Cahill's Ill. St. ch. 82, ¶ 1, providing for a lien in favor of any person rendering services on the order of the architect, shall be regarded as a contractor and have a lien for his services, since such provision applies to labor and services inferior in character to those of an architect or structural engineer.

Appeal by defendants from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded with directions. Opinion filed March 19, 1923. Rehearing denied April 2, 1923. *Certiorari* denied by Supreme Court (making opinion final).

ADLER & LEDERER, for appellants.

JAMES PERCIVAL PIO, for appellee; WARREN B. WILSON, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the defendants from a decree in favor of the complainant upon a bill filed to foreclose an alleged mechanic's lien. The decree finds the premises subject to a lien in favor of complainant in the sum of $6,360.42, and directs that upon failure of the payment of same, with interest, the property shall be sold. The cause was heard by the chancellor upon exceptions to the report of the master in chancery to whom it had been referred.

The complainant is a structural engineer. His bill alleges that defendants, being about to erect a building known as the Roosevelt Theatre in the City of Chicago, entered into a contract with Henry Ericsson Company for the construction of the same; that through said Henry Ericsson Company as their agent they entered into an oral contract with complainant in which it was agreed that he would render certain services enumerated, as a structural engineer, in connection with the construction of the building, for a compensation equal to $10 per ton of steel required for the construction of the building; that he performed such services until excluded by defendants from further services.

The answer of the defendants admitted the erection of the building and the contract with Henry Ericsson Company, but they denied that they entered into any contract with the complainant with reference to the building.

The master found as facts that defendants owned the premises; that one of the partners employed Henry L. Newhouse as general architect to perform the necessary services in the erection of the proposed theatre; that this contract was oral and the date of it not established by the evidence; that on April 27, 1920, defendants entered into a written contract with Henry Ericsson as general contractor for the construction of

the building; that in the month of January, 1920, New-house, the architect, made an oral contract with the complainant to prepare the necessary specifications and detail drawings for the structural steel work and reinforced concrete in the structure, under plans and specifications prepared by Newhouse; that complainant conferred with the designing engineers employed by the Moravia Construction Company, the subcontractor, and also with Newhouse, and that he obtained a permit for the construction of the theatre; that the plans and specifications used in obtaining this permit were those prepared by Newhouse and complainant; that on May 22, 1921, complainant was notified by an employee of Newhouse to stop all work on the plans and specifications, at which time all the detail work on the same had been completed; that complainant mailed invoices of his charges, based on the tonnage of structural steel used in the erection of the building, to the Moravia Construction Company and duplicate invoices to defendants and the Henry Ericsson Company; that defendants terminated the employment of Newhouse as architect on or about May 22, 1921, and that the building was thereafter erected under plans and specifications made by a new architect and under a new permit issued by the city; that no notice of mechanic's lien claim was ever served on the defendants by complainant; that the general contractor, Henry Ericsson Company, and the subcontractor had knowledge of the work done by complainant; that the work done on the premises by the general contractor prior to May 22, 1921, was done under a permit issued upon plans and specifications prepared by Newhouse and in accordance with the specifications for structural steel work and reinforcing concrete work prepared and delivered by the complainant.

The master concluded from these facts that the architect had authority to make a contract in behalf of defendants with complainant, and that under the pro-

visions of section 1 of the Mechanics' Liens Act as amended and in force on and after July 1, 1919 [Cahill's Ill. St. ch. 82, ¶ 1], complainant was entitled to a lien for the sum of $6,269.

Disregarding the points argued by the defendants, that the decree must be reversed because the evidence failed to show that Newhouse had been employed as an architect at the time he made the alleged arrangement with the complainant, that the evidence does not show an agreed price for complainant's services, and that there is no proof of a *quantum meruit* with reference to such services, and that there is a fatal variance between the allegations of the bill and the proofs, the controlling question in the case is whether the architect, by reason of his employment and by virtue of the provisions of this section of the statute, was authorized to employ the complainant as a structural engineer in behalf of the defendants. There is, in our opinion, no evidence in the record sufficient to establish the fact that the employment of complainant was expressly authorized by the defendants, and even if it be held that there is evidence tending to show that defendants must have had knowledge that services of this kind were being performed by the complainant, this would not render them liable in a case where, as here, a general contract to complete the entire work was let to a third party. *Sloan v. Cleveland, C., C. & St. L. Ry. Co.*, 140 Ill. App. 31.

If the decree is to be sustained it must be on the theory that through section 1 of the Mechanics' Liens Act the architect Newhouse was authorized by virtue of his own employment as an architect to make a contract with complainant for services as a structural engineer in behalf of the defendants. Irrespective of the statute such authority did not exist. It has been explicitly so held in *Campbell v. Day*, 90 Ill. 363, and *Rass v. Sebastian*, 160 Ill. 602. We are of the opinion that the amendment to the statute has not changed the rule in

this respect as laid down in these cases. Disregarding parts of this section of the statute immaterial to the present inquiry, it is as follows:

"That any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with an owner of a lot or tract of land, or with one whom such owner has authorized or knowingly permitted to contract for the improvement of the same or to improve the same, furnish material, fixtures, apparatus or machinery;   *   *   *   or perform services as an architect or as a structural engineer for any such purpose;   *   *   *   or furnish material, fixtures, apparatus, machinery, labor or services, forms or form work used in the process of construction where concrete, cement or like material is used, on the order of his agent, architect, structural engineer or superintendent having charge of the improvements, building, altering, repairing or ornamenting the same, shall be known under this act as a contractor, and have a lien," etc.

It is the contention of the complainant that by virtue of this provision of the statute he is an original contractor, upon the theory that any person furnishing labor or materials or services as a structural engineer at the request of the architect is expressly declared so to be. We do not think that this construction of the statute would express the intention of the legislature.

As the defendants point out, the services of an architect or structural engineer or superintendent are superior in character to work performed by ordinary laborers and to the furnishing of material, fixtures, apparatus or machinery. The word "services" as used in the last clause of the sentence reading "or furnish material, fixtures, apparatus or machinery, labor or services," would not, we think, be held to be so broad as to include the services of an architect or a structural engineer. If such a construction were adopted, it would necessarily result that when an

owner had employed an architect that architect might hire another architect, for whose services the owner would be liable; or if the owner employed a structural engineer that such structural engineer might hire another structural engineer for whose services the owner would be liable and the owner thus bound, although he might have no knowledge of the employment. We do not think that such a result could have been intended by the legislature. Moreover, as was said in the case of *Ambler v. Whipple,* 139 Ill. 311:

"It is also a general rule of statutory construction, that general words, following an enumeration of particular cases, apply to cases of the same kind and description. And so a statute enumerating things inferior shall not, by general words, be construed so as to extend to and embrace those which are superior. (Sedgwick on Const. and Stat. Law, 361; 1 Blackstone's Com. 88; *Woodworth v. Paine's Adm'rs,* Breese 374; *Hall v. Byrne & Co.,* 1 Scam. 140.)"

To the same effect are *Chicago & N. W. Ry. Co. v. City of Chicago,* 148 Ill. 141, and *People v. Kipley,* 171 Ill. 44.

Applying this rule to the section of the statute upon which the complainant relies, we think that the words "architect" and "structural engineer" in the statute must be excluded from those particularly enumerated in the latter part of the section, for whose "services" the owner is made liable.

For the reasons indicated the decree will be reversed and the cause remanded with directions to dismiss the bill.

*Reversed and remanded with directions.*

McSURELY, P. J., concurs.