Edward B. Malicki, Plaintiff-Appellant, v. Holiday Hills, Inc., et al., Defendants-Appellees.

Gen. No. 11,468.

Second District, Second Division.

May 16, 1961.

Stanley A. Durka, of Waukegan, for appellant.

Richard E. Steinbrecher, of Crystal Lake, Joslyn, Parker, Kell & Conerty, of Woodstock, for appellee.

SPIVEY, J.

This is an appeal from an order of the Circuit Court of McHenry County dismissing Count II of plaintiff's complaint as to all defendants. In effect, Count II of the complaint sought to enforce an alleged contractor's mechanics lien on certain property. This count was dismissed on defendant's motion for failure of the complaint to state a cause of action. Pursuant to Section 50 (2) of the Civil Practice Act (Ill. Rev. Stat. 1959, Chapter 110, par. 50 (2)), the court ordered that no just reason existed to delay appeal of the cause, pending an adjudication of all of the issues, and so we may consider this order of the court dismissing the complaint although it disposes of fewer than all of the issues.

Plaintiff also requests that certain other orders of the trial court be reviewed and the trial court likewise has found that no reason exists to delay the appeal of these issues. Unfortunately, however, no appealable orders exist as to the other issues. This appeal then, must necessarily be limited solely to a review of the propriety of the court's order dismissing Count II of the complaint.

In order that there be an understanding of the issues, a lengthy recitation of the allegations of the complaint is necessary. Plaintiff was employed by Holiday Hills, Inc. on February 1, 1956, and on March 4, 1956, these parties entered into an oral agreement whereby the plaintiff was to supervise the construction of custom homes in the Holiday Hills Subdivision for Holiday Hills, Inc. Plaintiff alleges he was to be paid a salary and commission by Holiday Hills, Inc. He states that he performed services on certain lots in the subdivision and that the defendants who claimed some interest as owners, purchasers, encumbrancers, investors, lien holders, mortgagees, trustees, benefici-

aries of trusts and note holders, authorized or knowingly permitted Holiday Hills, Inc. or Riverview Home Builders, Inc., the assignee and successor to Holiday Hills, Inc., to contract with the plaintiff for the improvement of their (the owners) real estate. It was alleged that all defendants acquired their interest in the premises with knowledge that the plaintiff was improving or had improved their real estate and knew that plaintiff was entitled to compensation for his work. Plaintiff alleged that he was not paid according to the terms of his contract with Holiday Hills and requested, among other things, that he be granted a lien on the lots in Holiday Hills Subdivision said to have been improved by his labor.

Holiday Hills, Inc. and Riverview Home Builders, Inc. were contractors who erected homes for home owners according to the home owners' specifications. Apparently the homes were erected after Holiday Hills, Inc. or Riverview Home Builders, Inc. had contracted with the individuals for the particular home and not built speculatively. According to the complaint, plaintiff claims to have commenced work on certain of the homes on February 1, 1956 and alleges that all homes that are the subject of this litigation were completed by August 1, 1957 except for one unit owned by defendant, Riverview Home Builders. This unit was completed on September 1, 1957. In all, plaintiff asserts liens on forty-eight homes in the subdivision. This suit to enforce the claimed lien was filed on August 12, 1959.

Defendants filed a motion for involuntary dismissal on the ground that the cause of action to foreclose a lien was not brought within the time limited by law for the commencement of an action. This motion was supported by an affidavit of counsel wherein it was asserted that construction on all residences was completed on or before August 1, 1957 and that the plaintiff failed to file any claims for liens within two years

of completion of construction and failed to commence this action within two years of completion of construction. The motion to dismiss the complaint was allowed and plaintiff has perfected this appeal.

Plaintiff's claim for lien is based upon his assertion that he is an original contractor and entitled to a lien as an original contractor under Section one of the Mechanics Lien Act [Ill Rev Stats 1959, c 82, § 1]. He contends that under Section one of the Mechanics Lien Act he is entitled to a lien on each home on which he has labored, provided only that his suit shall have been commenced within two years of the completion of all construction under his agreement with Holiday Hills, Inc. His contention is that he has a "blanket lien" on any property on which he has labored under his contract with Holiday Hills, Inc. or Riverview Home Builders, Inc. as long as he filed his claim for lien or suit to enforce the lien against any owner within two years of any work done by him on any lot in the subdivision. He claims that his contract with Holiday Hills, Inc. is a continuing contract and claims that this contract gives rise to his right to claim a lien against any owner.

That portion of Section one of the Mechanics Lien Act relied upon by the plaintiff provides that the contractor shall have a lien, "and in case the contract relates to two or more buildings on two or more lots or tracts of land, upon all such lots and tracts of land and improvements thereon for the amount due to him for such material, fixtures, apparatus, machinery, services or labor . . . ."

Plaintiff also calls to our attention the following portion of Section nine of the Mechanics Lien Act: "And in the event that the contract relates to two or more buildings or two or more lots or tracts of land, then all of said buildings and lots or tracts of land may be included in one complaint or petition."

463

We believe that this language has reference to the situation where a single owner enters into a single contract for the erection or improvement of more than one building on one or more lots. In the instant situation we have forty-eight contracts on forty-eight lots with forty-eight owners. If plaintiff's contentions were to be adopted, the time for filing a lien as against the owners would be dependent only upon the length of time required to complete a subdivision plus two years. In this era when subdivisions include hundreds and even thousands of homes, it would not be unusual or unlikely that a mechanic could have ten or even twenty years or more in which to impress a lien of many thousands of dollars on a single home which had been completed for years. This was not the intention of the legislature, nor does such an interpretation represent the plain meaning of the statute. Neither has our attention been called to any case in any jurisdiction where such a result has been reached. More than that, our independent research has convinced us that there is no authority to support plaintiff's position.

Plaintiff's contract was not with the owners, except as to the lot owned by Riverview Home Builders, Inc., nor was his contract one "authorized or knowingly permitted" by the owner. The owners would reasonably have understood that the plaintiff was working for the contractor. The contractor's authority extended to making of contracts in its own behalf in furtherance of its contracts with the owners and the contractor does not become the agent of the owners. A contractor should be distinguished from an architect who, under certain circumstances, may well be authorized to act for the owner. In the performance of his contract, however, the contractor is acting in his own behalf in the expectation of a profit.

In the instant case, plaintiff had actual knowledge of the existence of the individual contracts with the

464

different owners. He cannot ignore this knowledge and escape the plain meaning of the statute. In Ideal Cement Stone Co. v. Dohse, 16 N.W. 2d 151, (Nebraska), there were two separate contracts and the contractor sought to assert a single lien. The court said, "The materialman had actual and constructive knowledge of the existence of the two contracts and for the purpose of the mechanics lien was bound thereby."

In the instant case, each of these homes was built according to a separate and distinct contract and with one exception were all completed more than two years prior to the filing of the suit to enforce a lien. "A completed transaction for which a lien will lie will not be seized by the law as a means to resuscitate a defunct lien pertaining to an entirely distinct transaction." Darlington Lumber Co. v. Harris, 80 S.W. 688. (Missouri).

If we were to adopt plaintiff's interpretation, the result could well be chaotic. A contention of a similar nature was discussed in Florida Steel Supply Corp. v. Carpenter, 66 So. 2d. 476 (Florida). There, the claimant sought to assert a lien on one property for the value of steel used in many different homes. The court said, "The appellant here claims the benefit of the statute but leaves the appellee owners in the position of having a lien on their lands—not for the value of the materials in their homes—but for the value of the materials in all the houses. This is a manifest injustice to the owners and a perversion of the intent of the statute."

A similar claim was raised in Schmidt v. Anderson, 253 Ill. 29, 97 N.E. 291. In that case, the lien claimant contended that work on four houses erected upon four separate lots for one owner entitled him to file his claim for lien as to all houses within four months of the time the last labor or material was furnished on any one of the houses. While the conten-

tion relates to a different portion of the statute than is involved here, the reasoning of the court, in that case, is applicable herein. In that case, it was conceded that the work was all performed and the material furnished as to three of the houses, more than six months before the claim for lien was filed. The court said, "It is the fundamental rule in the construction of statutes that they should be so construed as to give all parts a reasonable meaning if it is possible to do so. In our judgment, the legislature did not intend to permit two or more buildings on two or more tracts of land to be included in one claim for lien unless the claim was filed within four months after the last labor was performed or the material furnished on each of the buildings."

▪ Likewise, here, we do not believe the legislature intended to permit all of the houses in Holiday Hills Subdivision to be included in one suit to enforce a lien unless the suit was filed within two years after the last labor was performed on each of the homes.

▪ In the Schmidt case, the claim for lien as filed did not specify the amount of labor and material furnished as to each of the particular homes just as in the instant case, plaintiff's claim for lien fails to specify the labor said to have been used in the construction of each of the forty-eight lots upon which a lien is sought to be enforced.

The court in the Schmidt case, said, "We are therefore constrained to hold that this claim for lien cannot be enforced, even for labor performed or material furnished as to the Oak Street house, because there are no data in the claim wherefrom the proper amount could be apportioned to that house." By the same token, no facts are alleged in the complaint in the instant case to show the proper amount of lien as to any property. Under these circumstances, the claim

466

for lien as to all of the property including that owned by Riverview Home Builders, Inc. cannot be enforced and the court properly dismissed plaintiff's complaint.

Notwithstanding the foregoing, and though the point was not raised by either party in this appeal, we do not believe that the plaintiff was in fact an original contractor. As we have observed, the owners employed one of the corporations to build the homes and plaintiff was employed by the corporations. We believe that plaintiff was only a sub-contractor.

As has been observed, plaintiff alleges that he is a contractor and entitled to enforce his lien by suit within two years of the completion of construction. However, plaintiff's only contractual relationship with the owners was as an agent of either Holiday Hills, Inc. or Riverview Home Builders, Inc. He was actually only an employee of Holiday Hills, Inc. and Riverview Home Builders, Inc. and as such, his only security interest is as a sub-contractor. No privity between the owners and the plaintiff existed except as to the property owned by Riverview Home Builders, Inc., which was completed September 1, 1957. According to plaintiff's complaint, the work for the owners was to be done by Holiday Hills, Inc. or Riverview Home Builders, Inc. under separate individual contracts with each individual owner. It was these latter contracts which gave rise to the owners obligations to the plaintiff.

"If the owner has let out the entire work to an original contractor, then he may not be deemed to have 'knowingly permitted' any employee of that original contractor to furnish any services or labor, since he is justified in assuming that such employee was doing the work for the original contractor and not for him, the owner. If a different rule were to prevail, then all the employees of an original contractor might assert liens as original contractors, on the

theory that the owner had 'knowingly permitted' their work, that would change their status from sub-contractors to original contractors and would be contrary to the spirit of the act." Love, Illinois Mechanics Liens 2d Ed., pp. 83, 84.

A situation similar to the instant case is found in Bennett v. Ascher, 228 Ill. App. 350. In that case the plaintiff brought suit to foreclose an alleged mechanics lien said to have arisen by virtue of his employment by the architect to do certain design work for the steel and reinforced concrete work. The plaintiff contended that by virtue of Section one of the Mechanics Lien Act, he was an original contractor. The court said, "Even if it be held that there is evidence tending to show that defendants must have had knowledge that services of this kind were being performed by the complainant, this would not render them liable in a case where as here, a general contract to complete the entire work was let to a third party. Sloan v. Cleveland, C. & C. & St. L. Ry. Co., 140 Ill. App. 31."

There is even less reason in this case to hold that the plaintiff is an original contractor. In the Bennett case, the architect could reasonably have been held to have been the representative of the owner and so ostensibly authorized to enter into contracts for the owner. Here, the employment of the plaintiff was solely for the benefit of the subdividers in the expectation of a profit and the only contractual relationship was between the plaintiff and the subdividers.

Whether the plaintiff be called a contractor or a subcontractor, the suit to enforce the lien is equally defective in either instance. Absent the data in the claim to show the amount of labor performed as to each particular property, the claimed lien cannot be enforced because there is pleaded no information

468

wherefrom the proper amount of the lien could be apportioned to any of the properties.

The judgment of the Circuit Court of McHenry County dismissing the complaint is therefore affirmed.

Judgment affirmed.

CROW, P. J. and WRIGHT, J., concur.