ANTHONY STEPUNCIK, Plaintiff-Appellant, *v.* FRANK MICHALEK *et al.*, Defendants-Appellees.

Second District    No. 77-269

Opinion filed December 28, 1978.

Daniel Riley, of Riley, Riley & Riley, of Hickory Hills, for appellant.

Walter M. Wlodek, of Berkos, Kirsh & Wlodek, of Cicero, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Anthony Stepuncik, appeals from an order of the trial court granting judgment on the pleadings in favor of defendants Frank and

Carolee Michalek in his action seeking to enforce a mechanic's lien against their property.

The pleadings show the Michaleks own a parcel of land in Hinsdale, Illinois, and contracted with Accurate Design, Inc., as general contractor, to build a house on the property. On September 6, 1975, plaintiff was employed by Accurate Design as a carpenter in the construction of the residence at an hourly wage of $11.49. At the time of completion of his work on November 13, 1975, plaintiff had been paid only $2,842 of the $4,366.20 due to him from Accurate Design and on November 14 he filed a notice and claim for a mechanic's lien against the Michaleks, Charles Jack, Jr., owner of Accurate Design, and unknown owners for the $1,524.20 in wages due him. Plaintiff filed suit against these parties on March 10, 1976, to enforce his claimed mechanic's lien and the trial court granted judgment on the pleadings in favor of the Michaleks on the ground that plaintiff, as an employee of the general contractor, was not entitled to enforce a lien under the Mechanics' Liens Act (Ill. Rev. Stat. 1975, ch. 82, pars. 1 through 39) because he was not a subcontractor as contemplated therein.

The single issue presented is whether an employee of a general contractor who performs labor in the construction of a building is entitled to enforce a lien as a "subcontractor" within the meaning of section 21 of the Mechanics' Liens Act (Ill. Rev. Stat. 1975, ch. 82, par. 21).

Plaintiff bases his claim for recovery on section 21 of the Mechanics' Liens Act which provides, in part, that "[e]very mechanic, workman or other person who shall * * * furnish or perform services or labor for the contractor * * * shall be known under this act as a subcontractor, and shall have a lien for the value thereof * * *." (Ill. Rev. Stat. 1975, ch. 82, par. 21 (amended 1977).) He contends he is a "subcontractor" entitled to enforce a lien for the value of his work within the meaning of the statute.

Defendants contend, on the other hand, that having admitted to the status of an employee of the contractor plaintiff cannot consistently assert he is also a subcontractor, relying upon the distinction between an independent contractor and an employee recognized in vicarious tort liability cases. *Alexander v. Industrial Com.* (1978), 72 Ill. 2d 444, 381 N.E.2d 669; *Trzaska v. Bigane* (1945), 325 Ill. App. 528, 60 N.E.2d 264.

We have not been provided, nor has our research disclosed, any Illinois case deciding the issue presented here. As contended by plaintiff, a literal interpretation of the statute would seem to include him as he obviously was a workman who performed services or labor for the contractor in the construction of the building in question. An indication that an employee of a general contractor is included under the statutory designation of subcontractor can also be found in *Malicki v. Holiday Hills, Inc.* (1961), 30 Ill. App. 2d 459, 174 N.E.2d 915, where an employee

of a general contractor hired to supervise construction of homes in a subdivision attempted to assert a mechanic's lien as an original contractor. This court found that under the Act the employee was only a subcontractor, and not an original contractor, stating:

> " 'If the owner has let out the entire work to an original contractor, then he may not be deemed to have "knowingly permitted" any employee of that original contractor to furnish any services or labor, since he is justified in assuming that such employee was doing the work for the original contractor and not for him, the owner. If a different rule were to prevail, then all the employees of an original contractor might assert liens as original contractors, on the theory that the owner had "knowingly permitted" their work, *that would change their status from subcontractors to original contractors* and would be contrary to the spirit of the act.' Love, Illinois Mechanics Liens 2d Ed., pp. 83, 84." 30 Ill. App. 2d 459, 467-68, 174 N.E.2d 915, 918-19 (emphasis added); see also Love, Illinois Mechanics' Liens §110, at 328 (2d ed. 1950).

The independent contractor-employee distinction urged by defendant does not appear to be germane here. where we must consider the application of a statutory designation of subcontractors relating to a mechanics' lien claim rather than a common law issue relating to vicarious liability in tort. We do recognize, also, that when considering mechanics' liens the ordinary understanding of the term "subcontractor" usually is thought to include only those to whom all or a specific portion of a building contract is let by a general contractor, such as an electrical, masonry or plumbing subcontractor, and that a personal employee of a general contractor who performs service for him on a day to day basis is not customarily thought of as a subcontractor. Certainly the words mechanic, workman or subcontractor may well have different meanings and be applied in different ways depending upon the context where considered. In this case, however, we must determine whether the legislature intended to exclude a personal employee of a contractor when in section 21 of the Act it directed that *every* mechanic, workman or other person performing services or labor for the contractor "shall be known under this act as a subcontractor." We find no basis in this language or elsewhere in the Mechanics' Liens Act justifying exclusion of plaintiff from those to whom the subcontractor's lien described in section 21 of the Act has been accorded.

We note that the limited issue presented by this appeal has been addressed without consideration of whether the contractor's sworn statement provided for in section 5 of the Act was furnished by the contractor or required by the owner in this case. That factor and other

matters which might affect the ultimate resolution of this case were not yet reflected in the record when the judgment from which plaintiff appeals was entered by the trial court.

We hold, therefore, that the trial court erroneously granted judgment on the pleadings and reverse and remand this cause for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

GUILD, P. J., and WOODWARD, J., concur.