M. L. ENSMINGER CO., INC., Plaintiff-Appellant, *v.* CHICAGO TITLE AND TRUST COMPANY, Trustee, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 78-1571

Opinion filed July 26, 1979.

Daniel Nagle, of Chicago, for appellant.

Kenneth F. Vizzone, of Chicago, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff filed a mechanic's lien against defendants on July 20, 1977, alleging that it had not received full payment for work done in rebuilding the Vizzones' fire-damaged home. On November 15, 1977, the Vizzones notified plaintiff by certified mail, return receipt requested, that demand was being made that plaintiff file suit to foreclose on the lien. Plaintiff did not file suit until 94 days after the notice was sent, 3 days after the Vizzones filed suit to quiet title. The Vizzones' motion to dismiss the complaint was granted by the court because plaintiff had not filed suit within 30 days of receiving the notice as required by section 34 of the Illinois mechanics' lien act (Ill. Rev. Stat. 1977, ch. 82, par. 34).

Plaintiff appeals, contending that section 34 requires personal service and that the notice sent by mail was invalid. The issue presented for review is whether section 34 of the Illinois mechanics' lien act requires personal service.

Section 34 of the act provides:

"Upon written demand of the owner, lienor, or any person interested in the real estate, or their agent or attorney, *served on the person* claiming the lien, or his agent or attorney, requiring suit to be commenced to enforce the lien or answer to be filed in a pending suit, suit shall be commenced or answer filed within 30 days thereafter, or the lien shall be forfeited." (Emphasis added.)

■■ Plaintiff contends that the language in this statute requires personal service. Defendants contend that the statute specifies only who is to be served and does not specify how service is to be made. It is well established that mechanics' lien statutes are in derogation of the common law and must be strictly construed with reference to all the statutory requirements upon which the right to a lien depends (*Components, Inc. v. Walter Kassuba Realty Corp.* (1978), 64 Ill. App. 3d 140, 145, 381 N.E.2d 42); this is so even though the legislature, in section 39 of the act, provided that the act is to be liberally construed as a remedial act. *Excellent Builders, Inc. v. Pioneer Trust & Savings Bank* (1973), 15 Ill. App. 3d 832, 837, 305 N.E.2d 73; *Malkov Lumber Co. v. Serafine Builders, Inc.* (1971), 1 Ill. App. 3d 543, 548, 273 N.E.2d 654.

Substantial compliance with notice provisions has been held to be insufficient where the statutory provisions are not merely technical requirements but are jurisdictional. (*Prairie Vista, Inc. v. Central Illinois Light Co.* (1976), 37 Ill. App. 3d 909, 911, 346 N.E.2d 72.) In *Woodruff & Son v. Rhoton* (1960), 251 Iowa 550, 101 N.W.2d 720, 722-23, the court held that a statute similar to the one under review was in the nature of a statute of limitations and was intended as a way to force the issue on the validity of the claims filed and provide a method to clear the cloud on an owner's property created by the filing of claims under the act. Also see 53 Am. Jur. 2d *Mechanics' Liens* §354 (1970). Thus, it appears that the notice provision is jurisdictional.

The issue of whether a particular statute requires personal service was specifically confronted in *Eastwood v. Road District No. 5* (1923), 230 Ill. App. 281, 282. In that case, the court quoted section 23 of the mechanics' lien act which provides that a contractor has the benefit of a lien provided that he *"notify* the officials of the * * * township, * * * whose duty it is to pay such contractor of his claim by a *written notice."* The court concluded that service of a written notice was required but the statute was silent as to the mode or manner in which it was to be served. The court held that in such a case, there must be personal service, and service by mail was insufficient even though the notice was actually received.

This principle was recently stated in dissenting opinion in *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 270 N.E.2d 415. There, the

majority had held that service of notice of injury on the municipality pursuant to section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1969, ch. 85, par. 8—102) by registered mail, return receipt requested, was sufficient even though the language of the statute required that the injured party "personally serve" the municipality. However, the court indicated that a liberal interpretation of the statute was required under the particular facts of that case because a more restrictive interpretation would lead to "absurd, inconvenient or unjust consequences." It has been held in *Zavala v. City of Chicago* (1977), 66 Ill. 2d 573, 578, 363 N.E.2d 848, that the rationale of *Reynolds* will not be adhered to where it is not necessary to avoid such consequences. In this case, no absurd or unjust consequences result from construing the statute to require personal service. We find that personal service is required under the holding of *Eastwood.*

■■ We also find the plain language of the statute, that a "written demand * * * served on the person," requires personal service. There is no rule of construction which authorizes a court to declare the legislature did not mean what the language imports. (*Thompson v. Illinois Civil Service Com.* (1978), 63 Ill. App. 3d 153, 156, 379 N.E.2d 655; *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40, 361 N.E.2d 585.) Additionally, it should be noted that while section 24 of the act was amended in 1969, to allow service by mail, section 34 was not similarly amended. It is therefore reasonable to conclude that the legislature did not intend to allow service by mail under section 34. Although the use of certified mail to effect service is becoming widespread and there appears to have been no prejudice to plaintiff in this case, it is the duty of the legislature to make such a determination and this court cannot alter the plain meaning of the statute.

For these reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings.

Judgment reversed and cause remanded.

ROMITI and LINN, JJ., concur.