[Civ. No. 10079. First Appellate District, Division One.—May 17, 1937.]

VERA A. RATHBUN, Respondent, v. GEORGE H. PAYNE, Executor, etc., Appellant.

Redman, Alexander & Bacon and Herbert Chamberlin for Appellant.

George K. Ford and Jensen & Holstein for Respondent.

THE COURT.—Plaintiff recovered a judgment against the defendant in a personal injury action based upon the negligence of an automobile driver alleged to have been in defendant's employ.

The defendant, who has appealed, contends that the evidence fails to show the alleged employment, that the trial court erred in certain of its instructions to the jury, and that both the court and plaintiff's counsel were guilty of prejudicial misconduct.

It is admitted that the driver, named Asbitt, was a route carrier of newspapers for the defendant, who does business and publishes a newspaper under the name of "San Jose Evening News." At the time of her injury the plaintiff was riding in a Ford coupe owned and driven by Asbitt, who was then delivering newspapers. The latter was known as a motor route delivery man; his territory covered some 63 miles and required several hours of his time each day to serve the subscribers. He had been so engaged for about four years. The plaintiff had been a teacher in the public schools, and was engaged to be married to Asbitt. She usually accompanied him on his route each Saturday. On these occasions she assisted in rolling the newspapers and serving the customers, and also familiarized herself with the route in order that she might make the deliveries in case he might be temporarily unable to do so. At other times she would roll and deliver the papers alone over part of the route, using her own automobile for this purpose. In 1933 the two entered into an agreement that she should render this service regularly each week; and Asbitt testified that defendant and his employees knew that she was so assisting him. This continued to and including the day on which she was injured, and she was so engaged when the injuries happened. It was testified that her assistance enabled Asbitt to make his collections and render prompt deliveries to the subscribers; but it appears that she received no pecuniary compensation for the services. The evidence shows that the route was owned by the defendant, who paid an amount weekly to the route carrier based on the route mileage, this payment being a partial compensation for the gasoline used and car up-keep. The carrier furnished his own automobile and purchased the papers from the defendant. In turn he sold and delivered the same to his customers, of whom no record was kept by the defendant. He retained the difference between the sums paid for papers and the amounts received from the customers. No account of receipts was rendered to the defendant and, with the exception of the mileage allowance, the carrier bore all the expense. The defendant controlled the conduct of the work to the extent that it was the carrier's duty to make regular and prompt deliveries, to use his efforts to increase the circulation and promote the goodwill of the public toward the paper. In addition he attended meetings where ways and

means of furthering the interests of the paper in the above respects were discussed. During a period, which was some time previous to the accident, it was defendant's custom to accept in lieu of cash for the papers sold to Asbitt the produce of farmer subscribers. This produce would be hauled by the carrier and, so far as shown, he received no compensation therefor.

It is clear from the evidence that either party was free to terminate the arrangement at will; and that, although the defendant exercised supervision over the service, the carrier was to effect his deliveries and retain the results, which he acquired by such means as he saw fit. In this respect the case closely resembles *State Compensation Ins. Fund* v. *Industrial Acc. Com.*, 216 Cal. 351 [14 Pac. (2d) 306], and one therein cited with approval, namely, *Gall* v. *Detroit Journal Co.*, 191 Mich. 405 [158 N. W. 36, 19 A. L. R. 1164], wherein it was held that the relation of employer and employee was not shown. With one exception the facts disclosed by the record in the present case, differ in no material respect from those in *Bohanon* v. *James McClatchy Pub. Co.*, 16 Cal. App. (2d) 188 [60 Pac. (2d) 510], in which the evidence was held not to establish the relation of employer and employee. The exception is that in 1934 the defendant procured the issuance of a blanket policy of life insurance for the benefit of his employees, who, however, contributed to the payment of premiums. The carrier was included therein and described as an "employee".

While this was a fact tending to show the carrier was something more than an independent contractor, it has been held that even the payment of wages is insufficient of itself to establish the relation here claimed. (*Independence Indemnity Co.* v. *Industrial Acc. Com.*, 203 Cal. 51, 58 [262 Pac. 757]; *Arnett* v. *Hayes Wheel Co.*, 201 Mich. 67 [166 N. W. 957, 959].) Nor is it enough that the defendant had assumed the right to make suggestions as to detail, or had the right of control for a restricted purpose: complete control must be shown (*Moody* v. *Industrial Acc. Com.*, 204 Cal. 668 [269 Pac. 542, 60 A. L. R. 299]), which was not the fact in the present case. As in other cases, the relationship must be determined from the whole situation and not from isolated facts considered as constituting the whole. (*Westcott* v. *Gilman*, 170 Cal. 562 [150 Pac. 777, Ann. Cas. 1916E, 437].)

When the facts which make up the relation between the parties here are considered, and although the defendant did exercise some measure of control and in the respects mentioned appeared to regard the carrier as an employee, nevertheless, as in the Bohanon case, it is manifest that the right of control which he reserved related not to the means to be used but to the result to be accomplished. (*Khoury* v. *Edison Elec. etc. Co.,* 265 Mass. 236 [164 N. E. 77, 60 A. L. R. 1159].)

This being true, the verdict on the issue of employment was unsupported, and it will therefore be unnecessary to consider the other grounds urged for reversal.

The judgment is reversed.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 15, 1937. Curtis, J., voted for a hearing.