Mary Trzaska and Al Chodzko, Appellees, v. John Edward Bigane, Jr. and Joseph Francis Bigane, Trading as John Bigane and Sons, Appellants.

Gen. No. 43,274.

Heard in the first division of this court for the first district at the December term, 1944. Opinion filed March 26, 1945. Released for publication April 11, 1945.

BURT A. CROWE, of Chicago, for appellants.

SHAVIN & HAMILTON and L. L. SILVERMAN, all of Chicago, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs brought an action against John Edward Bigane, Jr., Joseph Francis Bigane, copartners doing business as John Bigane & Sons, and John Buchunas, to recover damages for personal injuries sustained by them as a result of a collision between a southbound automobile in which plaintiffs were riding and an automobile truck driven west in 33rd Place by defendant Buchunas. Plaintiffs claimed that the truck was being operated for and on behalf of the Biganes. The jury returned their verdict finding the three defendants guilty and assessing Mary Trzaska's damages at $1,500 and $1,000 in favor of Al Chodzko. Judgment was entered on the verdict and the Biganes prosecute this appeal.

An interrogatory was submitted to the jury as to whether John Buchunas, the driver of the truck was acting as the agent or servant of the Biganes at the time of the accident. The answer was in the affirmative.

Counsel for the Bigane Brothers says that on this appeal "one question only is presented for determination; that is, is there any evidence in the record fairly tending to show that Buchunas was the servant or agent of the defendant, Bigane Brothers, or does the proof establish that Buchunas was an independent contractor?" And counsel for plaintiffs agree that this is the sole question before us.

The record discloses that the Bigane Brothers operated a coal business at 3596 Archer avenue, Chicago, selling coal at retail to dealers and consumers. They owned their own trucks and employed drivers of them

in handling their coal. They also at times employed the owners and drivers of other trucks, one of whom was defendant, Buchunas. May 8, 1943, Buchunas had called at the coal yard and delivered a load of coal, as ordered by Bigane Brothers, to one of their customers and after the delivery was returning to the coal yard for another load, driving west in 33rd Place when there was a collision between the truck and the automobile which was being driven south in Wood street by plaintiff, Al Chodzko (who was accompanied by Mary Trzaska) as a result of which plaintiffs were injured.

Joseph Bigane, called by plaintiffs as an adverse witness, testified that he had been engaged in the coal business in the name of John Bigane & Sons since 1907; that he had known Buchunas for 20 years; that Buchunas was termed a dealer—that he would come in and buy coal from me and deliver it to your home and at times he would deliver coal for us. "He had our sign on the truck. That is a City ordinance." That on the morning of the accident he came over to the coal yard and our representative told him to deliver a load of coal to a certain address. That he did not report every morning; that he collects money if it is a C. O. D. order, "or if they want to pay on a charge account," and turns the money over to us. Our billhead is given to him and the charge for the coal is written on it. That we would hire Buchunas at any time we need other equipment than our own. That they had 7 trucks of their own which did most of the hauling; that the men who drive these trucks have the same billheads as Buchunas; that we have no control over him—he is independent. The witness was then examined by his counsel and testified that they never paid any salary or wages to Buchunas; that they did not own or operate the truck Buchunas used; did not purchase the license plates for it, nor pay taxes on his salary nor any social security tax on what Buchu-

nas received; that Buchunas had no set hours for handling the coal—he could come or go as he pleased. He was paid so much per ton, the amount varied according to whether it was a "dump" job or bag carrying, shoveling, etc. When Buchunas got a load of coal they would give him the address where he was to deliver it. If it was to be on credit he brought back a receipt and left one with the customer; that Buchunas was free to take a load or not as he pleased.

Defendant, John Buchunas, called by plaintiffs as an adverse witness, testified that he was 52 years old, owned a truck which would carry a ton and a half of coal; that at the time of the accident the truck was empty and he was returning to defendants' coal yard after delivering a load of coal; that he reported at the yard about 7:30 o'clock on the morning in question; that he had been handling coal for the Bigane Coal Company for about 20 years; that when he got to the yard that morning he was told by defendant, John Bigane, to deliver a load of coal to one of their customers. That in delivering the load it was loose coal and he dumped it on the street; sometimes he delivered coal in bags. "Every Monday I got a check from the Bigane people." The amount of the check depended on the amount of coal he hauled. He further testified that "When I bought coal from the Bigane people and sold it to my customers I made more money." That during the past two years he hauled for other people besides the Biganes. "I reported at the Bigane yards every morning at seven or seven-thirty," but he missed some days; that he had the Biganes' sign on his truck and at the time was coming back to pick up another load; that after the accident he delivered a couple of other orders for the Biganes and that he reported the accident to Mr. Bigane.

On examination by his counsel he further testified that he was driving his own truck on the day in question, the license was in his name; that he was a coal

dealer—buys, sells and delivers coal. That he also did hauling for the Biganes, "I mostly go there;" that he did not have to go if he did not want to. That when he got a load of coal at the yard Bigane told him what kind of coal and where to deliver it and how it was to be delivered, in bags, wheelbarrows, etc.; that on Monday he was paid commissions depending on the tons delivered; the more coal he delivered the more commission he got.

Joseph Bigane was again called by plaintiffs as an adverse witness and testified that they did not have any written contract with Buchunas to do any hauling, everything was oral; that sometimes when Buchunas was taking a load of coal for which he was to collect he was told not to deliver unless he got the money; that they gave him an enamel sign to put on his truck; it was more or less permanent.

This is the substance of the evidence so far as it pertains to the question before us for decision.

Counsel for Bigane Brothers' position is that there is no dispute in the evidence on this question and therefore the question was one of law and the court should have sustained its motion for a directed verdict made at the close of all the evidence or for judgment *N. O. V.* That all the evidence shows that Buchunas was an independent contractor and not their agent. On the other side, counsel for plaintiffs' position is "that an examination of the record reveals a very definite dispute and conflict in the evidence as to this relationship." Therefore, whether Buchunas was an independent contractor, or Bigane Brothers' agent, was a question of fact for the jury and the jury, by their answer to the interrogatory having found that he was their agent, and by their verdict in plaintiffs' favor, which was approved by the trial judge, the judgment should be affirmed.

It has often been said that where there is no conflict in the evidence the matter to be decided is one

of law for the court. This is an inaccurate statement of the law. The correct rule is that where there is no dispute in the evidence and but one conclusion can reasonably be drawn from it, the question is one of law, but where a difference of opinion may legitimately be drawn from the evidence, the case must be submitted to the jury. *Reilly v. Peterson Furniture Co.*, 314 Ill. App. 46, where we cite an opinion by our Supreme court in *Chicago & N. W. Ry. Co. v. Hanson,* 166 Ill. 625, and several by our Appellate courts and from other jurisdictions, and call particular attention to an opinion written by Judge POUND in *Moore v. Rosenmond,* 238 N. Y. 356, and to *Best v. Dist. of Col.,* 291 U. S. 411, where the opinion was written by Mr. Chief Justice HUGHES.

■ ■ The rule of law applicable in an action to recover damages for personal injuries, where it is sought to invoke the doctrine of *respondeat superior*—that the person directly charged with the negligence was not the agent or servant of the claimed master but an independent contractor,—has often been stated by this court and our Supreme court. In *Ferguson & Lange Co. v. Industrial Com.,* 346 Ill. 632, the court said: "It is impossible to lay down a rule by which the status of a person performing a service for another can be definitely fixed as an employee or as an independent contractor. Ordinarily no single feature of the relation is determinative but all must be considered together. (*Bristol & Gale Co. v. Industrial Com.,* 292 Ill. 16.) An independent contractor has been defined as one who renders service in the course of an occupation and represents the will of the person for whom the work is done only with respect to the result and not the means by which that result is accomplished. [Citing cases.] It also has been said that if the person for whom the service is rendered retains the right to control the details of the work and the method or manner of its performance, the relation of employer and

employee exists. [Citing cases.] The right to control the manner of doing the work is an important if not the principal consideration which determines whether the worker is an employee or an independent contractor.'' See also Ryan v. Associates Inv. Co., 297 Ill. App. 544.

The right to discharge the person is also an important element, Bristol & Gale Co. v. Industrial Com., 292 Ill. 16; Densby v. Bartlett, 318 Ill. 616. Applying the rule of law to the facts in the instant case we are of opinion that considering the evidence with its intendments most favorable to plaintiffs, but one conclusion can be reasonable, viz., that Buchunas was not the agent or servant of the Bigane Brothers but was an independent contractor. He owned the truck in which he delivered the coal; obtained the license for it; paid for its upkeep; furnished the gas, etc.; delivered coal for the Biganes when he was requested by them to do so and was paid for the work he did; he was also in business for himself delivering coal. And the fact that on his truck there was a plate given to him by the Biganes, which carried their name, and that he collected money when he delivered the coal and was requested to do so, we think did not make him an employee of the Biganes. Martin v. Turek, 227 Ill. App. 379; Trust v. The Chicago Motor Club, et al., 276 Ill. App. 289.

Having reserved defendants' motion made at the close of all the evidence for a directed verdict, and the jury having found for plaintiffs, the court should afterward have sustained defendants' motion for judgment notwithstanding the verdict.

The judgment of the Circuit court of Cook county is reversed and the cause remanded with directions in accordance with what we have said.

*Reversed and remanded with directions.*

NIEMEYER, P. J., and MATCHETT, J., concur.