DONNA MANAHAN *et al.*, Plaintiffs-Appellants, *v.* THE DAILY NEWS-TRIBUNE, Defendant-Appellee.

Third District No. 76-409

Opinion filed July 7, 1977.

Louis Olivero, of Peru, for appellants.

Anthony C. Raccuglia, of Peru, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a summary judgment of the Circuit Court of LaSalle County. The summary judgment was granted to The Daily News-Tribune. The plaintiffs sued The Daily News-Tribune, alleging it was responsible by respondeat superior for the acts of its employee and agent, Larry L. Johnson. The Daily News-Tribune responded that Johnson was an independent contractor and not an agent or employee of The Daily News-Tribune and therefore, The Daily News-Tribune was not responsible for Johnson's acts. The lawsuit in the trial court named The Daily News-Tribune, a corporation, Larry L. Johnson, and Edward P. Johnson, individually and d/b/a Johnson's Three Minute Automatic Car Wash, as defendants. On September 15, 1975, an order of default was entered against all defendants except The Daily News-Tribune.

The Manahans alleged that on March 21, 1975, at approximately 4:55 p.m., an automobile driven by Larry L. Johnson crossed the center line of the highway and collided with an automobile driven by Donna Manahan and owned by Lyle Manahan. The collision occurred when Johnson attempted to make a left turn from the northbound lane across the southbound lane and into a private drive at the same time that Donna Manahan approached the private drive as she travelled in the southbound lane. At the time of the collision Johnson was working as a newspaper deliveryman for The Daily News-Tribune; he had just delivered a newspaper.

The Daily News-Tribune admitted that Johnson was working as a newspaper deliveryman at the time of the collision. He was working pursuant to a contract which had been executed between himself and Dennis Lenart, of the circulation department of the The Daily News-Tribune. The agreement provided that Larry Johnson was to deliver copies of The Daily News-Tribune "to such persons and at such places and time and during such hours as * * * [were] * * * from time to time * * * designated and furnished [by The Daily News-Tribune]." "In making such deliveries, [Larry Johnson] an independent contractor

agrees to furnish and maintain his own equipment, pay for the cost of operation thereof, keep this same property insured, * * * and to employ on his own account, any other persons necessary for the performance of the contract." As long as he "makes delivery at the times and to the persons and places designated by [The Daily News-Tribune]," Johnson has "full right to determine the route or routes to be taken." The Daily News-Tribune "shall exercise no control over [Johnson's] operation as independent contractor and * * * [Johnson's] * * * entire compensation shall be that stipulated herein." "[Johnson] agrees to pay all State and Federal taxes, and to procure and maintain such State, Federal, or Municipal registrations, licenses and permits as may be necessary to operate such vehicles." In the event that Johnson failed to deliver the newspapers or otherwise defaulted in his agreement, The Daily News-Tribune could terminate the contract. Payment was to be made on a per-customer basis plus the sum of $64 per week.

On June 11, 1976, a hearing on the motion for summary judgment was held. On June 16, 1976, the court found as a matter of law that Larry Johnson was an independent contractor and not an agent or employee of The Daily News-Tribune. On July 1, 1976, the order was entered.

The plaintiffs raise two points on appeal, (1) the determination of employment as either independent contractor or employer-employee is a material question of fact to be decided by the jury and not by the trial judge in a summary judgment proceeding, and (2) a worker who is controlled by his employer as to the place, time and hours of performance, among other factors, with only the independence of providing his own means of transportation at times and paying his own taxes is an employee.

The plethora of recent appeals from summary judgment orders indicates that there is a misunderstanding about the matters which can be resolved by the summary judgment procedure.

The procedure is authorized by section 57 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 57):

"(1) For plaintiff. Any time after the opposite party has appeared or after the time within which he is required to appear has expired, a plaintiff may move with or without supporting affidavits for a summary judgment or decree in his favor for all or any part of the relief sought.

* * *

(3) Procedure. The opposite party may prior to or at the time of the hearing on the motion file counteraffidavits. The judgment or decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment or decree as a matter of law."

■■ ■ The purpose is to determine whether a genuine issue of fact exists. If no such genuine issue exists, the motion for summary judgment is granted and the cause is terminated for the moving party. The procedure is to be encouraged because it promotes efficient and economic use of the judicial system. It must be clearly understood, however, that the summary judgment procedure may not be used to try any issue. (*Dowell v. William H. & Nelson Cunliff Co.* (1975), 26 Ill. App. 3d 388, 324 N.E.2d 660, *Rivan Die Mold Corp. v. Stewart-Warner Corp.* (1975), 26 Ill. App. 3d 637, 325 N.E.2d 357.) It is not a modified trial procedure. The right of the moving party to obtain a summary judgment must be clear and free from doubt. (*Equilease Corp. v. Cattlemen's Freezer Meats, Inc.* (1973), 13 Ill. App. 3d 1, 299 N.E.2d 419.) The opposing party has the right to a trial if there is a genuine issue of fact; therefore, the granting of a motion for summary judgment is not and cannot be a matter of discretion. *Wegener v. Anna* (1973), 11 Ill. App. 3d 316, 296 N.E.2d 589.

■■ In determining whether there is a genuine issue of material fact, the trial court should consider the pleadings and admissions, affidavits in support of and in opposition to the motion, and any other evidence before the court. If the court finds no genuine issue after giving due consideration to those matters, it may grant the motion for summary judgment as a matter of law (*Joseph W. O'Brien Co. v. Highland Lake Construction Co.* (1972), 9 Ill. App. 3d 408, 292 N.E.2d 205; *Yuhas v. Allis-Chalmers Distribution Service Corp.* (1973), 12 Ill. App. 3d 814, 299 N.E.2d 166; *Robinson v. George* (1940), 16 Cal. 2d 238, 105 P.2d 914) if the court also finds that the moving party is entitled to judgment. *Baier v. State Farm Insurance Co.* (1975), 28 Ill. App. 3d 917, 329 N.E.2d 543.

■■ It has been suggested that the judge in deciding a motion for summary judgment may not draw inferences. (*Lesser v. Village of Mundelien* (1975), 36 Ill. App. 3d 433, 344 N.E.2d 29.) We do not believe that this is an exclusive statement. If the court is presented with facts with which reasonable men may disagree or facts which are subject to conflicting inferences, summary judgment should not be granted. However, where but a single inference can be drawn from undisputed facts, summary judgment is proper. (*Robinson v. George* (1940), 16 Cal. 2d 238, 241, 105 P.2d 914, 916; *Trzaska v. Bigane* (1945), 325 Ill. App. 528, 60 N.E.2d 264.) "That there is some evidence from which possibly a different inference might have been drawn is not significant as long as there is a reasonable basis in substantial competent evidence to support the inference which is drawn." (*Westlund v. Kewanee Public Service Co.* (1956), 11 Ill. App. 2d 10, 24, 136 N.E.2d 263.) Further, if only the

complaint and answer purport to raise issues of material fact, and those issues are not supported by the evidentiary facts, affidavits, etc., summary judgment is proper. *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.

In the instant case, the court had before it for consideration the complaint, the answer, the motion for summary judgment, the depositions of Larry L. Johnson, a co-defendant, and Dennis F. Lenart, circulation manager for The Daily News-Tribune, a copy of the agreement between The Daily News-Tribune and Larry Johnson, dated November 12, 1974, and the arguments of counsel. The trial judge filed a written opinion stating the reasons for his decision.

The trial judge found that whether an agency relationship exists is a question of law, although the facts upon which the question is to be determined are usually matters for the jury. The judge found no question of fact here. He found that the parties to the agreement, Larry Johnson and The Daily News-Tribune, had abided by the terms of their agreement. Then, the trial judge found that the construction of a written agreement is a question of law, not fact. Since he also found that the contract created the relation of independent contractor/employer and inferentially that the parties by their conduct also created such a relation, the trial judge found no genuine issue of material fact. Thus he granted the motion for summary judgment.

We also have before us the brief of the plaintiff in opposition to the motion for summary judgment. The plaintiffs argued that the contract between an alleged independent contractor and his employer cannot be conclusive as to their true relation; that whether one who is engaged to deliver newspapers with his own motor vehicle is an employee or an independent contractor is a question of fact for the jury; and that all possible evidentiary facts are not before the court because plaintiffs' interrogatories and requests for production of documents have not been answered.

An independent contractor is one who undertakes to produce a given result, but is not controlled by his employer as to the method by which he achieves that result. (*Dumas v. Lloyd* (1972), 6 Ill. App. 3d 1026, 286 N.E.2d 566.) There is no absolute rule by which one can determine who is an independent contractor and who is an employee. Due consideration must be given to the acts and understanding of the parties to each relationship. Those factors to be considered are:

" * * * the right to control the details, manner, and method by which the work is to be done is probably the principal consideration; if the person for whom the work is done retains such right to control the details, manner, and method, the relation of

employer-employee ordinarily exists; and independent contractor is one who renders service in the course of an occupation, who undertakes to produce a given result or to do a specific piece of work or job for another party, but is not subject to the orders or control of the latter in respect to the details of the work, the details or methods being left to his discretion, and he representing the will of the person for whom the work is done only as to the results and not as to the means by which the job is accomplished; the manner of payment, whether by the piece, job, day, or hour, the right to discharge, the skill required, the furnishing of materials, equipment, and tools, are all of some significance, but no one circumstance is necessarily controlling; whether the party performing the service is engaged in a business apart from the regular business of the person for whom the work is done, and whether the work done is a part of the regular business of the person for whom it is done or is only incidental to his main business, are also factors; if the facts are undisputed, and the problem concerns the legal status to be inferred from them, and the facts permit more than one reasonable inference, there is a question of fact and the trier of the facts may draw the inference, and its decision as to the preponderance or greater weight of the evidence will ordinarily not be disturbed on review; only when the undisputed facts are susceptible of but a single reasonable inference does the issue become one only of law." *Westlund v. Kewanee Public Service Co.* (1956), 11 Ill. App. 2d 10, 20-21, 136 N.E.2d 263, 268.

■■■ The employer's right to control, not the exercise of that right, is of primary importance in determining the nature of the relationship. (*Dumas v. Lloyd* (1972), 6 Ill. App. 3d 1026, 286 N.E.2d 566; *State Farm Mutual Automobile Insurance Co. v. Staff* (1975), 26 Ill. App. 3d 217, 325 N.E.2d 1; *Robinson v. George* (1940), 16 Cal. 2d 238, 105 P.2d 914.) The parties may enter into a written contract which states their respective rights and duties. The contract may by its terms attempt to create an employer/independent contractor relationship and define the limits of control; however, the actual conduct of the parties determines whether they have created an employer/independent contractor relationship. Therefore, such contract between the parties need not necessarily be conclusive although it may be, if the parties to the contract abide by its terms. *Tansey v. Robinson* (1960), 24 Ill. App. 2d 227, 164 N.E.2d 272.

The second point raised by the plaintiffs is that whether a newspaper delivery man is an employee or an independent contractor is a question for the jury. Plaintiffs contend that employment raises the presumption of the employer/employee relationship; they also contend that the

presumption can be refuted only by the presentation of facts and therefore, the jury must hear the evidence.

The defendants have cited a number of cases which are used as authority to show that a master/servant relationship existed between The Daily News-Tribune and Larry L. Johnson. We have carefully examined each of these cases. The deliveryman in *Moeller v. De Rose* (Cal. App. 1950), 22 P.2d 107, was required to maintain a retail as well as a wholesale route. He purchased newspapers at a rate set by the newspaper publishing company. His compensation was an hourly wage paid on the basis of an eight-hour day although he usually worked only five or six hours each day. Since he could not make collections on his retail route at the same time that he delivered the papers, the extra hours' wages were to compensate him for the return trip to his customers during evening hours for collection. Also, deductions for workmen's compensation insurance, social security, unemployment insurance, and group health and death insurance were made from his eight hours daily salary.

The collision which was the subject of that suit occurred when De Rose, the deliveryman, was returning home after a collection trip. From the above facts, the court found that the jury could reasonably infer that the newspaper publishing company did exercise control over De Rose as to the manner in which he performed. It also found that the deductions listed above are usually made only from the paycheck of an employee.

Similarily, in *Cooper v. Asheville Citizen-Time Publishing Co., Inc.* (1963), 258 N.C. 578, 129 S.E.2d 107, the publishing company exercised more control over the deliveryman, Sumner, than the demand for a particular result. Sumner was required to sell mail subscriptions for the newspaper; he had to train a successor or forfeit part of his cash bond if he wanted to terminate the contract; he was notified of complaints against him and he had to "do something about them" or risk termination of his contract; he also had to meet weekly with the district supervisor to discuss changes in policy on the part of the newspaper, problems, and complaints against him. Sumner was permitted no interest in the route or the list of subscribers; these belonged to the publishing company.

The third case cited is *Wallowa Valley Stages, Inc. v. Oregonian Publishing Co.* (1963), 235 Ore. 594, 386 P.2d 430. The deliveryman, Badgett, testified that "supervisory personnel from the circulation department rode with him and showed him how to solicit customers." (235 Ore. 594, 602, 386 P.2d 430, 433.) They gave him advice on how to retain customers. The publishing company could terminate the contract almost at will. The Supreme Court of Oregon found that they could not as a matter of law declare Badgett an independent contractor or an employee. The court found that there was sufficient basis in fact for the decision of the jury. The court did state, however, "[w]hether or not a

given person is the servant or the contractor of another is ordinarily a question of law, where the facts are clear." 255 Ore. 594, 600, 386 P.2d 430, 433.

In the fourth case, *Scorpion v. American-Republican, Inc.* (1944), 131 Conn. 42, 37 A.2d 802, the court found that the contract between the alleged employer/employee was inapplicable.

Due consideration of those cases confirms this court's belief that the relationship of employer/independent contractor may be a matter of law if the facts are clear and no reasonable dispute as to the facts exists.

Third, the plaintiffs contend that all the evidentiary facts are not before the court because the interrogatories addressed to The Daily News-Tribune have not been answered. While we do agree that in most instances it would be helpful to have the answered interrogatories before the trial court during the consideration of a motion for summary judgment, in this particular instance, we do not find that the answered interrogatories would have changed the decision of the trial court.

We have examined the contract between Larry L. Johnson and The Daily News-Tribune and we have examined the material in support of and in opposition to the motion for summary judgment. It appears that personnel from the circulation department rode with Johnson for only three days so that Johnson could learn the route. While Johnson had the right to change the route, we do not know that he did. There was a small, unexplained deduction from the paycheck of Johnson, but he paid his own taxes; The Daily News-Tribune did not. While he did on occasion use a vehicle owned by The Daily News-Tribune, he did that only when his vehicle was not available.

It is well established that no single factor is determinative of the relationship. The agreements, acts, and understandings of the parties must be considered. If there is no reasonable dispute regarding the facts, then the determination can be made as a matter of law. If the parties to the relation are bound by a contract which by its terms clearly defines that relationship as that of employer/independent contractor, and the parties abide by that contract, then the contract may be conclusive of their relationship.

■■ Here we find no reasonable dispute regarding the facts. The contract between Larry L. Johnson and The Daily News-Tribune clearly defines their relationship and Johnson and The Daily News-Tribune abided by the contract. Therefore, Larry L. Johnson was an independent contractor.

For the reasons stated above, the decision of the trial court is affirmed.

Affirmed.

STENGEL, P. J., and ALLOY, J., concur.