THE FIRST NATIONAL BANK OF PEORIA, Trustee, Plaintiff-Appellant, *v.* ALBERT F. BESSLER *et al.*, Defendants-Appellees.

Third District   No. 78-250

Opinion filed March 14, 1979.

Glenn J. Church, Ltd., of Peoria, for appellant.

Westervelt, Johnson, Nicoll & Keller, of Peoria (Paul S. Kuster and Brian J. Meginnes, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Peoria County, entering summary judgment for defendants, Albert and Emma Bessler.

This action was brought by the First National Bank of Peoria, as trustee under Trust No. 1413, to reform a deed to include a parcel of land 20 feet by 418.80 feet omitted by the grantors, defendants-appellees, in their warranty deed to plaintiff-appellant, First National Bank of Peoria.

Prior to 1972 defendants owned their home and about 10 acres of farmland adjoining it to the east. They also had a 10-foot driveway easement from their home which ran outside and parallel to the south border of their property which provided ingress and egress to Galena Road or State Route 29 to the east. Defendants desired to sell their land but to retain a part thereof. They hired as their broker and salesman, Joe Rafool. To advertise the property Rafool erected a large sign on the premises which read: "This 10 acres more or less for sale." Plaintiff and its agents saw the advertisement and entered into a contract to purchase the property under date of July 31, 1972. A description of the property in that contract read as follows: "7115 North Galena Road (legal to be inserted later) Part of the SW¼ Sec. 10 Richwoods Township known as the Albert Bessler property and consisting of Ten acres more or less (not including the house or existing driveway leading to said house and which enters from Galena Road) more specifically 792.8 feet along Galena Road 398.2 foot northerly; 418.8 feet southerly and 1013.9 feet along the rear."

A second proposal to purchase was signed by both parties on September 12, 1972. This proposal to purchase refers to the attached deed for the correct legal description of the property to be conveyed. The terms of the two contracts were essentially the same except for the legal description. Two surveys were provided, the last one dated August 12, 1972. There were two title commitments, dated September 12, 1972, and

September 17, 1972, in which two different legal descriptions were inserted. The deed conveying the property was executed on October 18, 1972, and the transaction was completed. The legal descriptions on all the documents are identical. During this time plaintiff owned the property adjoining the defendants' property on the south side. It is this south boundary line of the Bessler property which is in dispute.

About two years after the closing of the sale plaintiff alleged not all the property intended was conveyed in the above transaction, based on a survey taken in April 1974. Plaintiff alleged an additional 20 feet by 418.80 feet of property on the south side of the tract sold was also to be conveyed. In support of its contention various affidavits of realtors and agents involved were submitted to the trial court.

Since the sale of the land, Albert Bessler, one of the defendants, died. His wife presented an affidavit in support of defendants' motion for summary judgment. The affidavit stated "That at no time to her knowledge did she and her husband at any time intend to convey nor represent to anyone that they were in fact conveying anything other than the property described in the various exhibits attached to said Motion for Summary Judgment." We note here Emma Bessler's affidavit is not conclusive in that it only speaks in terms of her own and not her husband's intentions. Furthermore, her statements in the affidavit are conclusionary since they speak in terms of her lack of knowledge and her resulting conclusion that the legal description contained in the deed constituted all the land intended to be conveyed.

The deed of conveyance was for 9.2 acres. It did not include the disputed 20 feet by 418.80 feet along the south border of the property, which portion measures about two tenths of an acre. Plaintiff paid $87,500 for the entire purchase.

As stated in the affidavit of the administrative officer of Forest Park Foundation which was the principal of the trust, the Bessler property was purchased by the Foundation for charitable purposes including the extension of the Apostolic Christian Home for the Aged which was located on neighboring land previously given by the Foundation to the Home. There is a home for the elderly and a nursing home on the original property given to the Home. It was contended the second gift to the Home was to enable the Home to connect its land to the south with the new 10 acres to the north which were to be used for small garden plots for the elderly. With the omitted property included as part of defendant's property, the Home would be denied immediate adjacent access to the new acres.

The affidavit of Joe Rafool, agent of the defendant, recites: "That I know in my capacity as agent for the Besslers that it was not their

intention to retain or reserve to themselves any fee property in this transaction, but rather to retain only the existing driveway leading to their home as per the proposal dated July 31, 1972, attached hereto."

■■ The law relating to summary judgment motions is fairly well settled. The purpose of a summary judgment is to determine whether a genuine issue of fact exists and if no such genuine issue exists, the motion should be granted and the cause terminated for the moving party. (*Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 365 N.E.2d 1045.) The purpose of the summary judgment procedure is to promote efficient and economic use of the judicial system. The granting of this motion is not a matter of discretion. In determining whether there is a genuine issue of material fact, the trial court should consider the pleadings and admissions, affidavits in support of and in opposition to the motion, and any other evidence before the court. *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 365 N.E.2d 1045.

In the instant case, defendants in support of their motion for summary judgment filed a proposal to purchase, a copy of a deed, a copy of a commitment of title insurance, a copy of a plat, and, the affidavit of Emma Bessler. Plaintiff in response to the affidavits and exhibits filed by defendants, filed three affidavits and several exhibits.

Plaintiff claims the affidavits and documents show no genuine issue on the issues that the defendant advertised the sale of their 10 acres more or less without reservations and that they sold these 10 acres more or less without reservations and that accordingly the only mistake made by both sides was improperly drafting their contract and deed to convey 10 acres more or less. Plaintiff also argues that if the defendants had a roadway easement already, what would they do with a parcel of land 20 feet by 418.80 feet running parallel to their easement. This would also defeat the purpose intended for the 10 acres in that it would preclude the Apostolic Christian Home from having completely contiguous land as contemplated by plaintiff.

■■■ The basic law regarding reformation is well-settled. Reformation of an instrument should be allowed only when clear and convincing evidence compels the conclusion the instrument does not properly reflect the true intention of the parties, and that there has been either a mutual mistake or a mistake by one party and fraud by the other. (*La Salle National Bank v. American Insurance Co.* (1973), 14 Ill. App. 3d 1027, 303 N.E.2d 770, and *Booth v. Cole Corp.* (1970), 121 Ill. App. 2d 77, 257 N.E.2d 265.) In the instant case we find the various affidavits and other documents present a disputed issue as to the existence of a mutual mistake in the drafting of the deed. We express no opinion on the resolution of this disputed issue but hold only that the issue is disputed and should not have

been resolved by summary judgment. Accordingly, the granting of the summary judgment motion was inappropriate.

For the foregoing reasons the judgment of the circuit court of Peoria County is reversed and remanded with directions to proceed in accordance with the opinion herein.

Reversed and remanded with directions.

BARRY, P. J., and SCOTT, J., concur.