Hattie **WRIGHT**, Administrator of the Estate of Herman Wright, Deceased, Plaintiff,

v.

The **UNITED STATES** of America, Defendant.

No. 81 C 5299.

United States District Court, N. D. Illinois, E. D.

April 1, 1982.

---

Sheldon Hodes, Chicago, Ill., for plaintiff.

Gail C. Ginsberg, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge.

Plaintiff Hattie Wright brought this action against the United States to recover for the death of her former husband allegedly resulting from injuries he incurred while being transported by employees of Illinois Medi-Car, Inc. ("IM–C") from Hines Hospital, a Veterans Administration ("VA") facility which had provided him hemodialysis treatment. Specifically, plaintiff alleges that her husband's death was the result of head injuries he received while IM–C attendants attempted to lift him in his wheelchair into an IM–C van on September 6, 1978. Presently before the Court is the United States' motion to dismiss the complaint or, in the alternative, for summary judgment pursuant to Rules 12(b) and 56 Fed.R.Civ.P. For the following reasons, defendant's motion to dismiss is granted in part and its motion for summary judgment is granted in part.[1]

---

1. To the extent that matters outside the pleadings are considered with regard to VA's liability for the negligence of IM–C's employees, the Court will treat defendant's motion as one for summary judgment as required by Fed.R.Civ.P. 12(b). The Court will treat defendant's motion

In support of a summary judgment motion, the moving party has the burden of showing that there is no dispute as to any genuine issue of fact material to a judgment in its favor as a matter of law. *Cedillo v. International Assoc. of Bridge and Structural Iron Workers, Local Union No. 1,* 603 F.2d 7, 10 (7th Cir. 1979). The nonmoving party is entitled to all inferences reasonably made in its favor from the evidence presented. *Id.* at 11. *Moutoux v. Gulling Auto Electric, Inc.,* 295 F.2d 573, 576 (7th Cir. 1961). After reviewing the evidence presented by the parties in this case, the Court concludes that there can be no genuine dispute that the United States is immune from suit for the asserted negligence of the IM–C van attendants.

■ It is well settled that the United States cannot be sued without its consent. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607 (1980); *California v. Arizona,* 440 U.S. 59, 61, 99 S.Ct. 919, 921, 59 L.Ed.2d 144 (1979). The consent relied upon by plaintiff in this action is derived from the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346. The FTCA does not, however, constitute a waiver of sovereign immunity for the negligent acts of independent contractors of government agencies. 28 U.S.C. § 2671. The primary issue, therefore, is whether the IM–C van attendants, whose alleged negligence caused the decedent's injury,[2] were independent contractors for the VA.

■■ As the Supreme Court has noted in an analogous context, there is no shorthand formula for determining whether a particular individual is an agent or independent contractor. *N.L.R.B. v. United Insurance Co. of America,* 390 U.S. 254, 258, 88 S.Ct. 988, 990, 19 L.Ed.2d 1083 (1968); *Manahan v. Daily News-Tribune,* 50 Ill.App.3d 9, 13–14, 8 Ill.Dec. 659, 365 N.E.2d 1045 (1977). The self-serving characterizations of the parties are irrelevant. The basic test to be applied in this case is the extent to which the VA through Hines Hospital controlled or could control the work of the IM–C attendants involved here. *See Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820, 824 (7th Cir. 1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981); *Torrence v. Chicago Tribune Co., Inc.,* 535 F.Supp. 743 (N.D.Ill.1981).

■ The contract between IM–C and the VA establishes the independent contractor status of IM–C employees. Under the terms of that contract, the VA simply reserved the right to furnish "technical guidance and advice or generally supervise the work to be performed," Contract, p. 8., and the right to "inspect and investigate" the operations of IM–C. Contract, p. 10. Although reservation of the right to supervise the work is not irrelevant to this Court's determination, it does not describe the kind of control necessary to establish an agency relationship. The VA did not reserve the right to control the day-to-day "details and means" by which the contractor's work was to be accomplished. *Wardle, supra* at 824. *See also Logue v. United States,* 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973). Accordingly, there is no basis on which this Court can reasonably infer that an agency relationship existed.[3]

Even a cursory review of the relationship between the parties supports this conclusion. IM–C is a separate business entity providing ambulance service to a variety of patients and hospitals not covered by the contract at issue here. Government's Exhibit No. 1. Unlike most agency relationships, this contract provides that IM–C is alone responsible for all injuries resulting from its own negligence, Contract, pp. 8, 11, and requires IM–C to procure and maintain its own workman's compensation, employ-

---

as a motion to dismiss only with regard to the issue of VA's liability for its own negligence.

2. Plaintiff also alleges obliquely that decedent's injury was caused by the VA's failure to inspect and supervise the work of the ambulance service. This issue is discussed *infra,* p. 571.

3. Although plaintiff argues that this determination is not appropriate at the summary judgment stage, the contract between the parties does not establish any basis on which further facts could support a finding of agency in this case.

er's liability, general liability and automobile liability insurance coverage. Contract, p. 12. In light of these circumstances, there can be no genuine dispute that IM–C was an independent contractor of the United States. Accordingly, the United States is immune from suit on those allegations relating specifically to the negligence of IM–C and its employees.

Plaintiff's complaint also alleges rather vaguely that the decedent's injury and subsequent death was proximately caused by the VA's own failure "to properly supervise the loading of the decedent and his wheelchair into the van." Complaint, ¶ 6.d. Treating defendant's motion on this issue as a motion to dismiss, the Court has construed plaintiff's allegation in the light most favorable to the plaintiff. *Mathers Fund, Inc. v. Colwell Co.*, 564 F.2d 780, 783 (7th Cir. 1977). Nonetheless, it is clear that plaintiff can prove no set of facts in support of this claim which would entitle her to the relief requested. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972).

The United States is, of course, liable for the negligence of its own agents under the FTCA. As a matter of law, however, the VA cannot be found negligent for its failure to supervise the loading of the decedent into the van in the absence of a legal duty to conduct such supervision. Plaintiff has not alleged nor will this Court infer the existence of such a duty.[4] Accordingly, defendant's motion to dismiss on this issue must be granted.

For the foregoing reasons, defendant's motion for summary judgment is granted with regard to the negligence of IM–C and IM–C's employees. Defendant's motion to dismiss without prejudice is granted with regard to the negligence of the VA through Hines Hospital. It is so ordered.

---

4. The contract between the VA and IM–C simply reserves VA's right to inspect and supervise IM–C's operation; it does not create a legally enforceable duty to do so on a patient-by-patient basis. Furthermore, although Illinois law does recognize a hospital's general duty to provide an environment reasonably conducive to medical care, *Darling v. Charleston Community Hospital*, 33 Ill.2d 326, 332, 211 N.E.2d 253 (1965), *cert. denied*, 383 U.S. 946, 86 S.Ct. 1204, 16 L.Ed.2d 209 (1966), that duty is not implicated by the allegations in plaintiff's complaint. If plaintiff chooses to pursue this matter, 'any subsequent complaint must allege conduct on the part of the VA that violated a specific, legally enforceable duty the breach of which constitutes negligence.