GLORIA E. CABLE, Ex'r of the Estate of Walter A. Cable, Deceased, *et al.*, Plaintiffs-Appellants, *v.* DARREL L. PERKINS *et al.*, Defendants-Appellees.

Third District   No. 3—83—0291

Opinion filed January 6, 1984.

HEIPLE, J., dissenting.

R. Philip Steele, of Massie and Steele, of Alpha, for appellants.

Gary D. Nelson and Bradford B. Ingram, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a summary judgment granted by the Knox County circuit court. The plaintiff sued Darrel Perkins, who was delivering newspapers for his mother Carolyn Perkins when he collided with plaintiff's decedent, Walter Cable. Walter Cable died of a heart attack several months after the collision with Darrel Perkins. The Galesburg Printing & Publishing Company was also made a defendant. The Knox County circuit court granted summary judgment in favor of the Galesburg Printing & Publishing Company finding as a matter of law that Carolyn Perkins was an independent contractor. Plaintiff appealed, raising as an issue whether the circuit court erred in finding as a matter of law that Perkins was an independent contractor and granting summary judgment. We affirm.

We base our decision largely on the similarities between this case and a previous decision by this court in *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 365 N.E.2d 1045. In *Manahan v. Daily News-Tribune*, this court found that a motion for summary judgment was properly granted in favor of the newspaper publisher when one of its deliverymen collided with plaintiffs while delivering newspapers. Like Carolyn Perkins, the Daily News-Tribune deliveryman had a contract with the newspaper publisher for whom he worked. The terms of the delivery contract in the Daily News-Tribune case provided that the deliveryman furnish and maintain his own equipment, maintain insurance and employ any persons necessary to carry out his job. The deliveryman did not have to follow any designated route so long as he

delivered to every customer designated by the publisher. His compensation was based on the number of customers plus a flat fee, and no withholding tax or social security contributions were withheld. The newspaper also had the right to terminate the contract if the deliveryman failed to make deliveries. This court in *Manahan* found that the deliveryman was an independent contractor as a matter of law.

This court reasoned that if there are no genuine issues of material fact after giving consideration to pleadings, affidavits and any other evidence before the court that the trial court could draw the necessary inference from the undisputed facts and properly grant summary judgment. The facts in this case are undisputed. Carolyn Perkins and the Galesburg Publishing Company executed a delivery contract which was undisputedly adhered to by both parties. The contract provided that Perkins supply all necessary manpower, vehicles and pay all expenses regarding delivery. Perkins was paid a flat rate of $145 per week—an amount determined by the number of customers and the mileage. Perkins was to pay her own taxes and, therefore, there was nothing withheld from her weekly check. No one instructed Perkins as to how she was to make deliveries, and no one ever rode with her on her route. Either party could terminate the contract with 30 days' notice.

It is true that customer complaints were raised through the company and not directed personally to Perkins. The route was designated by the company and deliverymen had no control over customer lists. Nevertheless we find this delivery contract nearly indistinguishable from the contract in *Manahan v. Daily News-Tribune*. As this court held in *Manahan*, the contract between the parties may be conclusive if the parties to the contract abided by its terms. (50 Ill. App. 3d 9, 14.) There is no evidence that the parties did not abide by the contract terms and, therefore, we hold that Perkins was an independent contractor as a matter of law and, therefore, that the circuit court of Knox County should be affirmed.

Judgment affirmed.

BARRY, J., concurs.

JUSTICE HEIPLE, dissenting:

The issue in this appeal is whether the trial court erred in granting the defendant's, Galesburg Printing, motion for summary judgment. The determinative issue of the motion for summary judgment was whether Mrs. Perkins, a newspaper carrier for Galesburg Print-

ing, was, as a matter of law, an independent contractor and not an employee, or servant, of Galesburg Printing. If Mrs. Perkins was an employee of Galesburg Printing, then Galesburg Printing could be liable, under the doctrine of *respondeat superior*, for the injuries to the plaintiff, Cable, which were caused by Mrs. Perkins' son, Darrel, while delivering newspapers. Apparently, Galesburg Printing acquiesces in the assumption that Darrel Perkins was a qualified agent to deliver its newspapers in the stead of Mrs. Perkins. The trial court reviewed the record, found no issues of fact and ruled in favor of Galesburg Printing. The majority opinion finds the facts in this case nearly indistinguishable from the facts in *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9. *Manahan* affirmed a lower court's order of summary judgment in favor of a newspaper company. The majority opinion in the instant case, likewise, affirms the lower court's order of summary judgment in favor of a newspaper company. I dissent.

Summary judgment is inappropriate in this case for two reasons: one, there are material facts in dispute; two, taking the evidence in a light most favorable to the nonmovant, Cable, and accepting as true all reasonable inferences favoring that party, Cable presented a factual basis of an employee relationship between Perkins and Galesburg Printing which could arguably entitle him to a judgment in his favor.

A motion for summary judgment should only be granted when there is no genuine issue of fact. If the court is presented with facts with which reasonable men may disagree or facts which are subject to conflicting inferences, summary judgment should not be granted. *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 12.

There is no absolute rule by which one can determine whether a person is an independent contractor or an employee. Nonetheless, there are six factors which form the basis of any evaluation of the issue: (1) the right to control work, (2) the manner of payment, (3) the right to discharge, (4) the skill required, (5) the furnishing of materials, and (6) whether the work performed is part of the regular business of the employer. (*E.g., Westlund v. Kewanee Public Service Co.* (1956), 11 Ill. App. 2d 10, 20-21.) The evidence relevant to each factor leads to a factual finding which weighs for or against the legal finding of an employee or independent contractor relationship. The factual findings, of course, are normally reserved for the trier of fact. (*Donovan v. Raschke* (1969), 106 Ill. App. 2d 366, 372.) The six factors need not be given equal weight. The first and second factors are generally given more weight than the other four, and the first factor is considered the most important of the first two. (*E.g., Dumas v. Lloyd*

(1972), 6 Ill. App. 3d 1026, 1029.) It follows, then, that when the evidence can give rise to inconsistent factual findings and inferences relevant to the first and second factors, summary judgment should not be ordered and the factual issues should be presented to the trier of fact.

In the instant case, the evidence relevant to the first factor gives rise to conflicting conclusions. Galesburg Printing claims that the contract gave Perkins complete autonomy in performing her duties and that Galesburg Printing only controlled the result of Perkins' work, which was to deliver papers to subscribers. However, Cable argues that Galesburg Printing retained the right to control the manner in which Perkins delivered the papers. For example, customers directed their complaints to Galesburg Printing, and not to Perkins, when they complained that the papers were placed on their driveways and not in their newspaper boxes. If customers requested that papers be placed in a specific location, Galesburg printing could and did instruct Perkins to so act. Whether Galesburg Printing controlled the result or manner of Perkins' work is a fact upon which reasonable people could disagree.

Also, it is a fact that Galesburg Printing controlled the scope of Perkins' route. She had a clearly defined territory with clearly defined customers. Perkins only controlled the order in which she delivered the papers in her territory. She could deliver papers only to those listed by the newspaper, and could not sell papers or solicit subscriptions to anyone. Control of the route and freedom to sell papers have been important facts in similar cases. Where the newspaper controlled the scope of the route and the access to subscribers, the carrier was found to be an employee. Where the carrier controlled or owned the route and had free access to subscribers, the carrier was held to be an independent contractor. Compare *Cooper v. Asheville Citizen-Times Publishing Co.* (1963), 258 N.C. 578, 129 S.E.2d 107, with *Ross v. Post Pub. Co.* (1943), 129 Conn. 564, 29 A.2d 768; Annot., 55 A.L.R.3d 1216, 1233-35 (1974).

The evidence relevant to the second factor also gives rise to conflicting conclusions. On the one hand, the carrier agreement provided for a flat weekly payment which, according to a Galesburg Printing employee, was based upon the number of papers delivered plus the number of miles driven. Yet, Perkins' weekly payment was reduced in weeks which contained newspaper holidays, and, on standard weeks, the payment remained the same even though the number of deliveries fluctuated. If these latter facts are true, then *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, which is cited as controlling

authority. by the majority opinion, would be distinguishable from the instant case. In *Manahan*, the court found the contract was determinative of the parties' relationship because the carrier and newspaper company acted in accordance with the terms of the agreement. In the instant case, there is a discrepancy between the carrier agreement and the actual conduct of Perkins and Galesburg Printing in the manner of payment and, as noted above, in the control over deliveries. Also, in *Manahan*, the carrier was paid a flat rate of $64 per week, plus an amount based upon the number of customers served. Here, Perkins apparently was paid a constant weekly sum, regardless of the number of deliveries. Reasonable people can disagree as to the facts which establish the first and second factors; for this reason alone, summary judgment was improper.

The majority opinion, in addition to failing to note the disputed factual issues, also fails to properly evaluate the facts in a light most favorable to the nonmovant, Cable. It is important to remember that, at the summary judgment stage, the plaintiff is not required to prove his case. He is only under a duty to present a factual basis which would arguably entitle him to a judgment in his favor. (*Wooding v. L & J Press Corp.* (1981), 99 Ill. App. 3d 382, 385.) The court must accept as true all reasonable inferences favoring the nonmovant. *Southeast Village Associates, Inc. v. Health Management & Associates, Inc.* (1981), 92 Ill. App. 3d 810, 811.

Cable presented sufficient evidence relevant to the first factor to support a finding that Galesburg Printing controlled the manner as well as the result of Perkins' work, and that Galesburg Printing controlled the scope of Perkins' route and contact with customers. As noted above, these facts suggest an employee relationship. Evidence relating to the second factor supports a conclusion that Perkins was paid a weekly sum regardless of the number of papers delivered, and had no power to sell papers. These facts distinguish Perkins from independent contractor carriers who buy newspapers at wholesale and sell them at retail to whomever they choose. (See *Rathbun v. Payne* (1937), 21 Cal. App. 2d 49, 68 P.2d 291; Annot., 55 A.L.R.3d 1216, 1234 (1974).) Lastly, the evidence supports the inferences that Perkins could be terminated at will, that delivering newspapers does not require a special skill, that Galesburg Printing supplied the important materials and that delivering papers is an integral part of the newspaper business. These inferences also suggest an employee relationship.

No court can reasonably say that, taking the evidence in a light most favorable to the nonmovant, Cable, and accepting as true all reasonable inferences favoring Cable, Cable has not shown that Perkins

may be an employee of Galesburg Printing. Every factor weighs for a finding that Perkins was an employee. Cable presented a factual basis which would arguably entitle him to a judgment in his favor. Consequently, the order for summary judgment in favor of Galesburg Printing was improper. Therefore, I respectfully dissent.