VERNON SPIVEY *et al.*, Plaintiffs-Appellants, v. JAMES BROWN, d/b/a Tri-State Stone & Brick Company, *et al.*, Defendants-Appellees.

Third District   No. 3—85—0641

Opinion filed November 26, 1986.

BARRY, J., dissenting.

R. Philip Steele, of Massie & Steele, of Alpha, for appellants.

Robert V. P. Waterman, Jr., of Lane & Waterman, of Davenport, Iowa, for appellees.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The plaintiffs, Vernon and Lois Ann Spivey (the Spiveys), brought this action to recover damages for fire loss to their house caused by the negligent installation of a prefabricated fireplace chimney sold by the defendant, James Brown (Brown), and installed by the defendant, Roger Lenz (Lenz). Following a bench trial, Lenz was found liable for the negligent installation of the chimney, and Brown was found not liable for the negligence of Lenz. The Spiveys appeal, contending that

Brown is liable for the negligent installation of the chimney by Lenz. We affirm.

In December of 1977, the Spiveys purchased a prefabricated fireplace from Brown. Brown, doing business as Tri-State Stone & Brick Company, was primarily in the business of manufacturing cement-cast, simulated-stone brick-facing materials. In addition, he sold prefabricated fireplaces.

The Spiveys and Brown decided that the fireplace would be installed on the first floor and that the chimney would run inside the house, up through a second-floor closet, into the attic, and out through the roof. As Brown was not in the business of installing these fireplaces, he obtained the services of Lenz, a carpenter with experience in the installation of prefabricated fireplaces, to do the actual installation.

Brown told Lenz where the fireplace and chimney was to be installed. Brown supplied all the building materials needed to install both the fireplace and the chimney. Brown also paid Lenz a gross amount, based on the number of hours Lenz spent on the installation, following completion of the job. However, Brown did not deduct workers' compensation, social security, or State and Federal taxes from Lenz' check.

Except for covering the fireplace with simulated-stone facing, Brown had nothing else to do with the installation of the fireplace. Lenz was in charge of the assembly and installation of the fireplace and chimney. Also, Lenz supplied his own tools for the job.

Following completion of the work, the Spiveys paid Brown for both the cost of the fireplace and for its installation. The Spiveys used the fireplace for three years. Then, on December 19, 1980, after they had a fire in the fireplace, their home caught on fire causing excessive damage. The Spiveys brought the instant negligence action.

The trial court found that the fire was caused by Lenz' negligent installation of the chimney. The trial court further found that Brown was not liable for the negligence of Lenz, as Lenz was not an employee of Brown but rather an independent contractor.

On appeal the Spiveys raised four arguments in support of their contention that Brown is liable for Lenz' negligence. Their first argument is that Brown is liable under a products liability analysis. In essence, the Spiveys argue that the installation of the chimney was a component of an entire product called a "fireplace." According to the Spiveys, since the installation portion of the product was dangerously defective, and since Brown was the retailer who sold the defective product, under products liability Brown is liable for sale of the defec-

tive fireplace.

In Illinois, to recover from a retailer under products liability it must be shown that the retailer sold the product, and that the product was defective when it was sold by the retailer. (*Sweeney v. Matthews* (1968), 94 Ill. App. 2d 6, 236 N.E.2d 439.) Products liability does not concern itself with the conduct of the manufacturer or vendor, but only with the product's lack of fitness. *Bollmeier v. Ford Motor Co.* (1970), 130 Ill. App. 2d 844, 265 N.E.2d 212.

Here, it is undisputed that Brown sold the fireplace to the Spiveys. The Spiveys, however, have never alleged or presented any evidence that the fireplace or the chimney was defective when it left the retailer, Brown. Here, the installation of the fireplace involved only the conduct of the installing party; it has nothing to do with the character of the product. Therefore, the theory of products liability is inapplicable to this case.

The Spiveys' second argument is that Brown is liable because Lenz was an employee of Brown and not an independent contractor. We disagree.

An employer is generally not liable for the acts of an independent contractor. (*J. R. Sinnott Carpentry, Inc. v. Phillips* (1982), 110 Ill. App. 3d 632, 443 N.E.2d 597.) An independent contractor is one who undertakes to produce a certain result without being in any way controlled as to the method used to achieve that result. (*Dumas v. Lloyd* (1972), 6 Ill. App. 3d 1062, 286 N.E.2d 566.) To determine whether a person is an employee or an independent contractor, the following factors, among others, should be considered: (1) the right to control details and method of the work; (2) the method of payment, including whether deductions are made for taxes, social security, etc.; (3) the skill needed to perform the job, including the furnishing of materials and tools; (4) whether the work contracted for is a part of the employer's regular business or is only incidental to his main business; and (5) the right to discharge. (*Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 365 N.E.2d 1045.) The employer's right to control is of primary importance in determining the nature of that relationship. *Dumas v. Lloyd* (1972), 6 Ill. App. 3d 1026, 286 N.E.2d 566.

The trial court considered sufficient evidence to properly conclude that Lenz was an independent contractor and that Brown was therefore not liable for Lenz' negligent installation of the chimney. Apart from Brown's designation of the location of the fireplace and chimney, Lenz was not under the supervision of Brown. Lenz was in charge of the details and method of the installation. Lenz furnished his own tools. Brown paid Lenz in one gross amount for the work

done without deducting taxes or social security. Lenz, not Brown, had the skill required to do the installation. Finally, installation of fireplaces was only incidental to Brown's main business.

We will not reverse the findings of the trial court unless they were contrary to the manifest weight of the evidence. (*Peoria Harbor Marina v. McGlasson* (1982), 105 Ill. App. 3d 723, 434 N.E.2d 786.) As the trial court's findings were clearly not contrary to the manifest weight of the evidence, we decline to rule otherwise.

■■ ■ The Spiveys' third argument is also without merit. They contend that since the fireplace was an inherently dangerous instrument, Brown had a nondelegable duty to install a safe fireplace and is, therefore, liable for Lenz' negligence, even if Lenz was an independent contractor.

Where an independent contractor is involved in an inherently dangerous activity, the employer is held liable for the acts of the independent contractor as a matter of law. (*Woodward v. Mettille* (1980), 81 Ill. App. 3d 168, 400 N.E.2d 934.) The term "inherently dangerous" means the type of danger that is a part of the instrumentality itself at all times, requiring special precautions to prevent injury, and does not mean danger that arises from the collateral negligence of others. (*Watts v. Bacon & Van Buskirk Glass Co.* (1958), 20 Ill. App. 2d 164, 155 N.E.2d 333.) "Concisely stated, the term means, dangerous in its normal or nondefective state as for example, explosives and poisons." 20 Ill. App. 2d 164, 168, 155 N.E.2d 333, 335.

■■ In this case, the fireplace, in its normal state, was not an inherently dangerous instrument. It became dangerous only through the collateral negligence of Lenz' faulty installation. Therefore, the inherently dangerous instrumentality exception does not apply here.

■■ Lastly, the Spiveys argue that Brown had a duty as an employer to inspect the work of an independent contractor to determine that it was properly done. They contend that since Brown failed to inspect Lenz' defective chimney installation, Brown is liable for the negligence of Lenz, his independent contractor. Again, we disagree.

Where an employer retains control of any part of the work of an independent contractor, such that the contractor is not entirely free to do the work in his own way, that employer will be liable for injuries to others caused by negligent exercise of that control. *Weber v. Northern Illinois Gas Co.* (1973), 10 Ill. App. 3d 625, 295 N.E.2d 41.

■■ Brown retained no control over any aspect of the installation work done by Lenz, including the installation of the chimney. We are aware of no authority which, under these circumstances, placed on Brown a duty to inspect Lenz' work.

Accordingly, the judgment of the circuit court of Henry County is affirmed.

Affirmed.

WOMBACHER, J., concurs.

JUSTICE BARRY, dissenting:

In my judgment the trial court erred in finding that Brown is not liable for the damages caused by the negligence of Lenz. Consequently, I dissent from the majority opinion.

The five primary factors to be considered in determining whether Lenz was an independent contractor or an employee/agent are set out in the majority opinion. The testimony of Brown and Lenz indicates that Lenz had no contact with the Spiveys; that Brown determined where and how the fireplace and chimney would be installed; that Brown instructed Lenz as to where the chimney should go through the second floor, attic, and roof; that Brown purchased and delivered to the site all the materials and supplies necessary for the job; that Lenz left all unused materials at the site; that Lenz considered that Brown could terminate him at any time; that Brown was at the site when Lenz began his work and showed him where the construction was to go; that Brown inspected the work near its completion; that Brown helped Lenz install the top piece of the chimney; that Lenz kept a record of the hours he worked; that Lenz turned in his hours to Brown; and that Lenz was paid by the hour by Brown. These are all factors that support a conclusion that Lenz was an employee/agent of Brown, contrary to the finding of the trial court.

In *Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 365 N.E.2d 1045, this court ruled that an employer's *right* to control the manner and method of the work is the principal consideration, and not the exercise of that right. It is clear from the testimony that Brown did not leave the details of installation to Lenz, but rather that Brown planned the installation and obtained the lumber, chimney, firebox, sheet rock, and other materials, and that Brown inspected Lenz' work "to see if it was done properly." This testimony by Brown compels a conclusion that Lenz would have to do the work over if it did not satisfy Brown. That amounts to the right to control the work.

The judgment order entered in the trial court included the following:

> "In short, none of the tests to determine whether a subcontractor situation exists are found to be in favor of plaintiff."

146

That statement is erroneous and is contrary to the testimony of the witnesses.

The majority opinion states that "installation of fireplaces was only incidental to Brown's main business." However, Brown had one of his employees, Walter Petty, do the stone facing work necessary to complete the installation of the fireplace. Additionally, installation of *this* fireplace was part of the sales contract with the Spiveys who paid Brown one lump sum for the installed fireplace. Thus, installation of the fireplace was an integral part of the business transaction at issue here.

The totality of circumstances indicates that Lenz was an employee/agent of Brown and that Brown is responsible for the damages resulting from the negligence of Lenz. I would reverse the order of the trial court dismissing Spivey's cause of action against James Brown, doing business as Tri-State Stone & Brick Company, and I would direct that judgment be entered in favor of plaintiff.